GIOVANNA CEREGHINO, APPELLANT, v. ANTONIO CEREGHINO, RESPONDENT.

PRACTICE—NOTICE—WAIVER.—Notice of intention to move for a new trial may be waived by not raising the objection either on the settlement of the statement or on the hearing of the motion.

ID—STATEMENT—PRESUMPTION.—Where a statement on motion for a new trial has been settled it is presumed to contain all the evidence necessary to explain the errors assigned.

INSUFFICIENCY OF EVIDENCE. Certain evidence set out in the opinion held insufficient to support a decree of divorce.

APPEALS from two orders of the district court of the third district, granting new trials in two cases between the same parties. The appeals were heard together by stipulation: the opinion states the facts.

*Messrs. Dickson & Varian* (*Messrs. Woods & Hoffman* were with them on the brief) for appellant.

The court had no jurisdiction to grant the new trials.

No notice was given, and no statement was filed within the statutory time, nor within the time enlarged. Nothing appearing to continue the jurisdiction over the case, it was absolutely gone at the expiration of the term: *Bear River Co.* v. *Boles et als.*, 24 Cal. 358; *Flatean* v. *Lubeck*, 24 Cal. 364; *Kellip* v. *Empire Mill Co.*, 2 Nev. 34; *State* v. *Nat. Bank*, 4 Nev. 359; *Street* v. *M. & M'g Co.*, 9 Nev. 253; *Clark* v. *Strauss*, 11 Nev. 79; *Daniels* v. *Daniels*, 12 Nev. 120; *Wall* v. *Preston*, 25 Cal. 62.

The action of the court amounted simply to a vacation of its judgment. This it had no right to do after the term: Freeman Judgments, § 96.

No act or waiver could reinvest the court with a jurisdiction over the subject matter which had gone forever: *Munch* v. *Williamson,* 24 Cal. 167; *Easterby* v. *Laico,* 24 Cal. 179.

Respondent had waived his right before statement filed: *Campbell* v. *Jones,* 41 Cal. 578.

The statement does not purport to contain all the evidence. In California the later doctrine of the court is that on appeal the presumption that it does contain all the evidence will be indulged, overruling the earlier cases. In Nevada the rule is the other way, and we submit that upon principle the Nevada rule is the better one: *State* v. *Bond,* 2 Nev. 265; *Howard* v. *Winters,* 3 Nev. 539; *Sherwood* v. *Sissa,* 5 Nev. 349; *State* v. *Parsons,* 7 Nev. 58; *Sibby* v. *Dalton,* 9 Nev. 23.

*Mr. Arthur Brown,* for respondent.

BOREMAN, J.:

On the twenty-second of May, 1880, appellant brought suit against respondent for divorce, in the third district court. Answer having been duly filed, a decree, after hearing, was on the twentieth of May, 1882, entered, granting divorce as prayed.

On the twenty-fifth of August, 1880, appellant brought suit in the same court against respondent for partition also. Answer was duly filed therein, and on the 5th of June, 1882, after hearing, a decree was entered therein directing the sale of the property and a division of the proceeds thereof between appellant and respondent.

On the eleventh of October, 1884, the motion of the respondent theretofore submitted, in each of said causes for new trial, was allowed, and appellant thereupon brought the causes to this court. By stipulation the causes were heard together and one statement made for use in both.

It is objected that no notice of intention on the part of respondent to move for a new trial in the court below was ever filed or served, and in support of this objection the appellant asks leave of this court to introduce a certificate of the clerk of the court below "that no notice

of motion of new trial nor order continuing jurisdiction over the cause from April term A. D. 1882, is of record;" also "the stipulations between the parties to the action, extending time to file statement on new trial or appeal, of date June 5 and 30, A. D. 1882;" also the order adjourning court on July 22, 1882, and the minute entry of the submission of the motion for new trial, of date October 6, 1884.

If the leave to introduce these matters were proper now, and it should be granted, we do not think it would avail the appellant anything. The first step to be taken where a new trial is desired, is to give the notice of intention to move therefor. The making and settlement of the statement follows. The record shows that appellant appeared and offered amendments to the proposed statement presented by respondent, that the amendments were allowed and the statement then agreed to and signed by attorneys of both appellant and respondent. The inference is that she (the appellant) had had notice of the motion which the statement was made to support; otherwise she would not have united in settlement of the statement. The statute contemplates the giving of a written notice of the decision, but appellant gave none. She claims that respondent acted as if such notice had been given, and she therefore assumed that respondent had waived it. With equal reason it is proper to presume from appellant's action in agreeing to the statement, that the notice of intention had been waived or that it had been given. Had nothing of the kind been done, the appellant should have made the objection in the court below, either upon settlement of the statement or upon hearing of the motion. Nothing of the kind appears to have been done. A similar rule would apply to the objection that the statement was not filed within time.

It is also objected that the statement does not purport to contain all the evidence. It is not necessary that it should. Under our practice the presumption is that the statement contains all the evidence necessary to explain the particular points specified as error, and no more. This was the rule under the civil practice act of 1870: Comp. Laws,

p. 454, and is the rule under the Code of Civil Procedure: Sec. 538, Laws of 1884, p. 249.

The main question, however, on this appeal, is whether the evidence was sufficient to support the judgment in each case.  Upon the trial, both appellant and respondent testified, and, so far as the divorce matters are concerned, their testimony was very conflicting.  The testimony of the other witnesses corroborated the respondent fully as much as the appellant; and the uncontradicted testimony of Guilani showed that appellant had a "turbulent temper," and "wanted to be a woman of liberty."  The testimony of Rossi also shows appellant to be a woman of "violent and turbulent temper."  The other facts gathered from the testimony seem to be that appellant and respondent, being husband and wife, were living together at Bingham, a mining camp in Salt Lake county; that respondent owned a saloon, in which his wife acted as bartender; that respondent concluded that it was not best for her and their daughter to attend in the saloon, and tried to prevent it; that, in doing so, he went to the extent of nailing up the stairway leading from that part of the house used as a dwelling down into the saloon, and hired a young man as bar-tender in place of his wife; that the wife (appellant) would not allow herself to be kept out of the saloon, and proceeded to break down the door which respondent had barred up.  The respondent sought to prevent this, and to get the axe away from appellent, but was not strong enough.  In the struggle she received some bruises, but was vigorous enough to drive out the new bar-tender, and hurl a beer bottle after him; that, on another occasion, respondent had a difficulty with a man, and went for his revolver; that appellant tried to get the revolver away from respondent, and, in respondent's struggle to release himself from her hold, she received bruises; that, on other occasions, the appellant and respondent were accustomed to call each other bad names, and did not live happily together.  Taking all the evidence together, it does not appear that appellant had any grounds of complaint.  She seems to have been as fully in the wrong as respondent.  The evidence, therefore, in

our opinion, was insufficient to support the judgment in the divorce suit; and the order of the court below allowing a motion of respondent for a new trial in the divorce suit is affirmed, with costs.

The decision in the partition suit is dependent upon that in the divorce suit. It does not appear that appellant and respondent were equal owners of the property. She left her husband, but, so far as the evidence goes, it was without legal cause. It appears, therefore, that the evidence is insufficient to support the judgment, and the action of the court below allowing the respondent's motion for new trial is affirmed, with costs.

ZANE, C. J., concurred.

EMERSON, J., concurred in the result.