FREDERICK HARRIS V. GEORGE JENNINGS ET AL.

FILED MARCH 5, 1902.    No. 11,227.

1. **Nunc-Pro-Tunc Order:** SATISFACTORY EVIDENCE: BETTER EVIDENCE: RECORD. In deciding a motion for a nunc-pro-tunc order, the district court may act upon any satisfactory competent evidence in support thereof, although minutes of the proceedings, or other writing appearing in or among the records of the court are regarded as a better class of evidence.

2. **Evidence:** NUNC-PRO-TUNC ENTRY. Evidence examined and *held* sufficient to support an order made to correct the journals by a nunc-pro-tunc entry.

3. **Motion for New Trial.** A motion for a new trial must, in all cases, except for newly discovered evidence, be filed at the term at which the finding or decision sought to be vacated by the motion is *rendered.*

4. ———: OVERRULED: ASSIGNMENTS OF ERROR UNAVAILING. When a motion for a new trial is overruled, because not filed within the time required by statute, all matters necessarily included therein as grounds for a new trial are unavailing on review by proceedings in error.

ERROR from the district court for Webster county. Tried below before BEALL, J.  *Affirmed.*

*George R. Chaney,* for plaintiff in error.

*J. M. Chaffin, contra.*

HOLCOMB, J.

By these proceedings plaintiff in error, plaintiff below, prosecutes error from an order or ruling of e district court sustaining a motion for a nunc-pro-tunc order. The ruling complained of is evidenced by the following entry on the journals of the trial court, as certified by the clerk: "Now, on this 11th day of April, A. D. 1899, this cause coming on to be heard, nunc-pro-tunc order granted on motion, showing injunction dissolved as of May 10th, 1898, to which ruling of the court the plaintiff excepts," etc. To the writer it appears doubtful whether the entry

quoted constitutes a valid final order, to reverse which proceedings in error will lie. It is more in the nature of a recital to the effect that the court granted the defendant's motion, and is in itself insufficient and lacking in the formal requisites to show that the court ordered and directed that its journals should be corrected so as to show an order of dissolution of the temporary injunction as of the time stated, and as a nunc-pro-tunc order. However, we pass this, treating the order as a valid and final one, from which error may be prosecuted. It is argued that the evidence is insufficient to sustain the order, and that there existed on the journals and records of the court no written memorandum, or other entry of any kind or character, as evidence that the court had at the time stated, or at any other time, ruled on the motion to dissolve the injunction, or had made an order of the kind sought to have evidenced by the correction of the journal asked for. The evidence in support of the motion was quite positive that the court had by a prior order, and at the time mentioned, dissolved the temporary injunction allowed in the case, and fixed the amount of a supersedeas bond to hold the injunction in force until a trial on the merits could be had at the sum of $100. The evidence was presented in the form of affidavits by the parties to the action and their attorney. There was no evidence of the order having been made from any minute or other writing appearing on the journals, records, or dockets of the court, and it must be conceded that such evidence would be far more satisfactory, and is regarded as a better class of evidence; and in some jurisdictions it is held that such evidence is essential to sustain a nunc-pro-tunc order. After speaking to the same point in another case, it is said in *Ackerman v. Ackerman,* 61 Nebr., 72: "This court, however, has adopted the rule, which seems the better one, that in the exercise of the power of correction of its records the court is not confined to an examination of the judge's minutes, or written evidence, but may proceed upon any satisfactory evidence,"—citing *School District v. Bishop,* 46

Nebr., 850, and cases there cited; *In re Wight,* 134 U. S., 136, 10 Sup. Ct. Rep., 487, 33 L. Ed., 865; *Jacks v. Adamson,* 56 Ohio St., 397, 47 N. E. Rep., 48; 17 Ency. Pl. & Pr., 931, note 2. The evidence in the case at bar, under the rule stated, was sufficient to sustain the finding and order of the trial court, and we can not rightfully disturb it on that account.

Another insurmountable obstacle presents itself: No motion was made for a new trial within the time provided by statute, and consequently the trial court was right in overruling the motion, as it did, on the ground that the motion was not filed within the time and during the term at which the order complained of was made. The term of court at which the order was entered adjourned *sine die* on April 11. The motion for a new trial was not filed until April 13, and after the adjournment of the term. This neglect is fatal as to any question required to be presented to the trial court by motion for a new trial before a reviewing court is authorized to pass upon such question. The motion not being presented within the time provided by statute, the court was without authority to grant it, and could either have stricken it from the files or overruled it. *Nelson v. Farmland Security Co.,* 58 Nebr., 604, and cases there cited. All matters included in the motion are therefore of no avail to the plaintiff in error, and we need not examine the evidence in support of the motion, or of the proceedings had during the trial, some of which were assigned in the motion as ground for a new trial, and on which error is now sought to be predicated. We find nothing in the record calling for a reversal of the ruling of which complaint is made.

For the reasons stated the order of the trial court is

AFFIRMED.