## LOUDER v. HUNTER.

Where a notice of motion for a new trial was served more than 20 days after notice to the adverse party of the decision, contrary to Code Civ. Proc. § 303, requiring such notice to be served within 20 days, a new trial was properly refused.

Where the appeal is from the decree as well as from the order overruling a motion for new trial, the Supreme Court will review the entire judgment roll, including alleged error in the decree.

Where it was not shown in an action to set aside a conveyance as in fraud of creditors that defendant had disposed of any of the property conveyed, it was error to adjudge that, if there was a deficiency after applying the proceeds of the realty to satisfy plaintiff's judgment, plaintiff should have judgment therefor against defendant.

(Opinion filed March 29, 1911.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by Albert N. Louder against E. E. Hunter. From a decree for plaintiff, defendant appeals. Reversed in part and re-

manded, with directions to modify the decree as indicated, when it is affirmed.

*Null & Royhl,* for appellant.

The action is one to set aside a conveyance and when the court set aside the conveyance it granted all the relief plaintiff was entitled to in this action. Oppenheimer v. Collins, 60 L. R. A. 406. A personal judgment should not be entered except for so much of the property as he may have consumed or appropriated to his own use, so that it cannot be forthcoming. Gibson v. White, 3 Munf. (Va.) 94.

*Preston & Wagner,* for respondent.

Property in the hands of a fraudulent purchaser is held by him in trust for the creditors of the fraudulent vendor and when the property is converted into money the fund thus created is impressed with the same trust. Wait on Fraudulent Conveyances and Creditor's Bills, p. 248; Furgerson v. Hillman, 55 Wis. 181; Code of Civil Procedure, Sec. 311, provides: "The relief granted to the plaintiff, if there be no answer cannot exceed that which he shall have demanded in his complaint, but in any other case the court may grant him relief consistent with the case made by the complaint and embraced within the issues." Hinton v. Ellis, 27 W. Va. 422; Murtha v. Curley, 90 N. Y. 372; Searing v. Perry, 11 N. W. 710; Bell v. Merrifield, 109 N. Y. 202. Failure to file and serve notice of intention on the opposite party within the time prescribed is a waiver of right to move for a new trial. Bare River, etc., v. Boles, 24 Cal. 354; Caney v. Silver Horn, 9 Cal. 67; Ellsassar v. Hunter, 26 Cal. 279.

SMITH, P. J. On January 7, 1907, Edward V. Miles, a resident of Jerauld county, died intestate. Leon S. Miles, a son, inherited one-fifth of the estate. The part of the estate involved in this litigation consisted of real property in Jerauld county. On January 22d, 15 days after his father's death, Leon S. Miles conveyed his undivided interest in the estate to the defendant E. E. Hunter, a brother-in-law, and received therefor a note executed by Hunter, by which Hunter agreed to pay a sum of money without interest, "equaling the value of one-fifth of the estate of Edward

V. Miles, deceased, as the same appears at the time of final settlement and distribution of the said estate." Prior to the death of Edward V. Miles, and at the time of the transfer of this property to defendant, the plaintiff, Albert N. Louder, held a mortgage on other real estate owned by Leon S. Miles, which mortgage was foreclosed on May 3, 1907. Thereafter the plaintiff, Louder, secured a deficiency judgment in the sum of $1,546.49 against Leon S. Miles as a balance due on this mortgage debt. Plaintiff brings this suit to set aside the transfer from Leon S. Miles to the defendant, as in fraud of creditors, and prays that the defendant, Hunter, be adjudged to hold the property and the record title thereto, in trust for the said Leon S. Miles, "to an extent necessary to satisfy the plaintiff's said judgment," and "that the said real estate or so much thereof as may be necessary to satisfy this plaintiff's said judgment and costs, in whole or in part, be subject to the judgment lien of this plaintiff," and prays for general relief. The case was tried to the court and resulted in findings, conclusions, and a decree for the plaintiff, setting aside the transfer and subjecting the property to the payment of plaintiff's judgment. The decree further provides: "That in the event there be a deficiency after paying the amount so realized from such execution sale with costs, then this plaintiff shall have judgment against said defendant, Edward E. Hunter, for such deficiency." Defendant moved for a new trial, assigning as error, among other things, the provision in the decree above quoted. Defendant also moved for a new trial on the ground of newly discovered evidence. Both motions were denied, and defendant appeals.

Respondent contends there was no error in overruling appellant's motion for a new trial for errors occurring at the trial, for the reason that the notice of intention was not served within the time required by the practice act. The motions for new trial on the ground of errors at the trial, and on the ground of newly discovered evidence, were made at different dates. Respondent did not appear on the hearing of the former motion. But at a later date, and before the ruling of the trial court, respondent learned

of the other motion on the ground of newly discovered evidence, and, upon leave obtained, appeared and filed lengthy affidavits in resistance of this motion. Both motions appear to have been overruled by a single order. Findings of fact and conclusions of law were made and entered on December 9, 1909; on December 13th respondent served copies of the findings of fact and conclusions of law, theretofore duly filed, on appellant's counsel. Decree was entered December 22, 1909, awarding plaintiff the relief demanded. Section 303, Code of Civil Procedure, provides: "The party intending to move for a new trial must within twenty days, after the verdict of the jury, if the action were tried by jury, or after notice of the decision of the court, if the action were tried without a jury, serve upon the adverse party a notice of his intention, designating the statutory grounds upon which the motion will be made. * * *" On the 16th day of February, 1910, appellant served a notice of intention to move for a new trial for errors occurring at the trial. No stipulation or order extending the time for serving such notice was obtained by appellant. The notice of motion for new trial was served more than 20 days after notice to the adverse party of the decision of the court. It is apparent that appellant did not take the steps necessary to give the trial court authority to grant a new trial, and for that reason alone the trial court was justified in refusing it. Traxinger v. Mpls., etc., Ry. Co., 23 S. D. 90, 120 N. W. 770, and cases there cited; Bear River, etc., Co. v. Boles, 24 Cal. 354; Caney v. Silverthorne, 9 Cal. 67; Ellsassar v. Hunter, 26 Cal. 279; Clark v. Crane, 57 Cal. 632. In Parrott v. City of Hot Springs, 9 S. D. 202, 68 N. W. 329, Judge Corson, in speaking generally of the provisions of the statutes relating to new trials, uses this language: "The whole system of new trial seems to be based upon the theory that certain proceedings must be taken by the party applying for such new trial, and that, if these proceedings are omitted, his motion for a new trial fails." No error is apparant in the order overruling the motion for a new trial for errors occurring at the trial.

The record discloses that the motion on the ground of newly discovered evidence was made without any notice whatever to re-

spondent, but it also appears that, before the decision upon this motion, respondent's counsel made application, and were granted leave to resist the same upon affidavits. It would seem, therefore, that respondent has waived his right to insist upon the absence of notice as ground for denying this motion. Williams v. Gregory, 9 Cal. 76; Powell v. Howell, 21 Ga. 214; Means v. Yeager, 96 Iowa, 694, 65 N. W. 993; Gregg v. Garrett, 13 Mont. 10, 31 Pac. 721; Fletcher v. Nelson, 6 N. D. 94, 69 N. W. 53; Cerighino v. Cerighino, 4 Utah, 100, 6 Pac. 523. The affidavits upon which the motion was based as well as respondent's affidavits are extremely voluminous, and it seems unnecessary to cumber this opinion with a statement of their contents. It appears therefrom that Leon S. Miles was a witness, and gave material testimony, in favor of respondent at the trial in the circuit court. The alleged newly discovered evidence consists of statements in the form of affidavits by Leon S. Miles in substance and to the effect that his evidence given at the trial was untruthful in many particulars, together with a statement of facts tending directly to dispute and impeach his own former testimony. In Palmer v. Schurz, 22 S. D. 283, 117 N. W. 150, this court said: "Except under unusual circumstances, a new trial will not be granted on the grounds of newly discovered evidence which goes only to discredit or impeach a witness or which is merely cumulative. * * * The granting or refusing of a new trial upon the grounds of newly discovered evidence is largely in the discretion of the trial court, and, unless there has been a manifest abuse of such discretion, this court will not review the action of the trial court upon such motion. And, unless such evidence would probably produce a different result upon a new trial, a new trial should be denied. Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577; Oberlander v. Fixen & Co., 129 Cal. 690, 62 Pac. 254." The trial court may have been, and probably was, of opinion that under all the circumstances disclosed at the trial this alleged newly discovered evidence would not produce a different result. Upon the whole record we are clearly of opinion that no abuse of discretion of the court is made manifes . The appeal, however, was from the decree as well as from .he

order overruling the motion for a new trial. This brings up for review the entire judgment roll.

The question of error in the decree is therefore before us on the record. There was neither pleading nor evidence before the trial court to sustain that portion of the decree which provides: "That in the event there be a deficiency after paying the amount so realized from such execution sale with costs, that this plaintiff shall have judgment against said defendant, E. E. Hunter, for such deficiency." There was neither allegation nor proof that defendant had sold or disposed of any of the property held by him in trust for creditors of Miles. Oppenheimer v. Collins, 115 Wis. 283, 91 N. W. 690, 60 L. R. A. 406; Gibson v. White, 3 Munf. (Va.) 94. It is undoubtedly true, and may be conceded, that, if the complaint had alleged a sale or other disposition of the property, placing it beyond the reach of plaintiff's judgment, and the evidence had sustained the allegation, respondent might have been held liable to appellant for the value of such property precisely to the same extent as though it still remained in his hands, but not beyond that. Respondent could in no event be made liable in any amount greater than the value of the property received from Miles. Under this provision of the decree, appellant might possibly claim to hold respondent bound res judicata for the entire amount of Miles' judgment indebtedness to Louder, regardless of the value of the tract of property in his hands. This part of the decree is clearly erroneous, and should be eliminated.

The action is remanded to the trial court, with directions to modify the decree as indicated, and, as thus modified, the decree is affirmed.