R. C. McCANN, Respondent, v. GEORGE E. GILMORE, Appellant.

(172 N. W. 236.)

**Appeal and error.**

1. An appeal from a judgment and a motion for a new trial are independent remedies.

**Appeal and error — appeal from judgment — motion for new trial — effect on judgment of order granting new trial.**

2. Where an appeal has been taken from a judgment, and also a motion has been properly and timely made for a new trial, and an order is made granting a new trial, the legal effect of such order is to vacate the verdict upon which the judgment was entered.

**Appeal and error — vacation of verdict.**

3. Where a verdict has been vacated, there is nothing to support the judgment.

**Appeal and error — effect of new trial in lower court upon an appeal.**

4. Where an appeal has been taken from a judgment, and a proper motion has been made for a new trial, the judgment is subject to the contingency that it may become ineffective by the granting of a new trial on all the issues of fact, thereby setting aside the verdict.

Opinion filed April 5, 1919.

Appeal from the District Court of Pierce County, *A. G. Burr*, J. Reversed and remanded.

*Fisk & Murphy* and *H. B. Senn*, for appellant.

A motion for new trial is not directed at the judgment, but at the verdict, or at the decision of fact; for a new trial is a re-examination of an issue of fact.    Sawyer v. Sargent (Cal.) 3 Pac. 872; Boston Tunnel Co. v. McKenzie, 67 Cal. 485, 8 Pac. 22; 3 C. J. p. 1264, § 1380 and also 2 Cyc. 975, notes 32 and 33 and cases cited; Carpentier v. Williamson, 25 Cal. 154; Spanagel v. Dellinger,38 Cal. 278; Naglee v. Spencer, 60 Cal. 10; Raynor v. Jones, 90 Cal. 78, 27 Pac. 24; Bryson v. Bryson, 90 Cal. 323, 27 Pac. 186; Bode v. Lee, 102 Cal. 583, 36 Pac. 936; Knowles v. Thompson, 133 Cal. 245, 65 Pac. 468; Kaltschmidt v. Weber, 136 Cal. 675, 69 Pac. 497; Hellman v. Adler (Neb.) 83 N. W. 846; Smith v. Goodman (Neb.) 159 N. W. 418; Indiana R. Co. v. McBroom, 103 Ind. 310, 2 N. E. 760; Cook v. Smith, 58 La. 607, 12 N. W. 617; Molt v. Northern P. R. Co. 44 Mont. 471, 120 Pac. 809; Ex parte Fuller, 182 U. S. 562, 45 L. ed. 1230, 21 Sup. Ct. Rep. 871; 1 Hayne, New Trial on Appeal, p. 14; Holmes v. Warren (Cal.) 78 Pac. 954; Marzion v. Pioche, 8 Cal. 522; Schroder v. Schmidt, 71 Cal. 399, 12 Pac. 32; McDonald v. McConkey, 67 Cal. 325; Sharron v. Sharron, 79 Cal. 633.

In cases of appeal from a judgment, the lower court loses jurisdiction over the judgment, but it still retains jurisdiction over the motion for a new trial with power to rule thereon.    Naglee v. Spencer, 60 Cal. 10; Raynor v. Jones, 90 Cal. 78, 27 Pac. 24; Knowles v. Thompson, 133 Cal. 245, 65 Pac. 468; Cook v. Smith, 58 Iowa, 607, 12 N. W. 617; Gibson v. Manley, 15 Ill. 140; Cook v. Smith, 58 Iowa, 607, 12 N. W. 617.

A new trial may be granted while an appeal is pending from the original judgment. United States v. Young, 94 U. S. 258, 24 L. ed. 153; 4 Enc. L. & P. 45, 252, and cases cited; Voorhees v. John T. Noye Mfg. Co. 151 U. S. 135, 38 L. ed. 101; Henry v. Allen, 147 N. Y. 346; Smith v. Lidgewood Mfg. Co. 64 App. Div. 467, 69 N. Y. Supp. 975; Vernier v. Knauth, 7 App. Div. 57, 39 N. Y. Supp. 784.

The effect of granting a new trial is to set aside both the verdict and the judgment, without any specific mention of either, and if, during the pendency of an appeal from the judgment, a new trial is granted by

the trial court, the appeal will be dismissed.   20 R. C. L. 308, 313; United States v. Young, 94 U. S. 258, 24 L. ed. 153; Scott v. Waggoner, 48 Mont. 536, L.R.A.1916C, 491, 139 Pac. 454.

*Flynn & Traynor* (*Honorable L. N. Torson*, of counsel) for respondent.

After the cause has been removed by appeal or writ of error, the trial court has no jurisdiction to entertain and no power to grant a motion for new trial or rehearing.   3 C. J. 1264, § 1380; Getchell v. G. N. R. Co. 22 N. D. 325; 3 C. J. p. 1265, § 1381; Minkkinen v. Quincy Min. Co. (Mich.) 135 N. W. 448; Winans v. Grable (S. D.) 99 N. W. 1110; Parkside Realty Co. v. McDonald (Cal.) 139 Pac. 805; Robinson v. Helena Light & R. Co. (Mont.) 99 Pac. 837.

GRACE, J.  Appeal from an order of the district court of Pierce county, setting aside a previous order for a new trial, A. G. Burr, Judge.

The original action was brought by McCann to recover damages against defendant for alleged malicious prosecution of a certain criminal action against this plaintiff and respondent.   In that action a judgment was entered for plaintiff on the 7th day of March, 1918. Thereafter notice of entry of judgment was served.   Thereafter and on March 8, 1918, defendant served notice of motion, and motion for a new trial which was returnable on March 18, 1918, at Rugby, North Dakota.   For different causes, the motion was not disposed of by the court until about August 10, 1918, when the court made its order granting a new trial, which was thereafter and on August 14th filed. On August 7, 1918, an appeal was duly perfected by the defendant from the judgment.   August 27, 1918, the court made its order requiring the defendant to show cause why the order granting the motion should not be vacated.   This was returnable on September 10th.   On the 16th day of September, 1918, the court made its order setting aside the order granting a new trial and declaring it null and void, and declaring the judgments in the action and other proceedings therein should be and remain the same as if the order granting a new trial had not been made.   The sole error assigned on this appeal is that the court was in error in holding that it had no jurisdiction to grant defendant's motion for a new trial and in setting aside and vacating

the order granting said motion for a new trial. The appeal from the judgment was perfected under the erroneous belief that the time for appeal therefrom would expire August 8th instead of September 8, 1918, but in this appeal this is of no consequence.

Manifestly the court erred in holding that it was without jurisdiction to grant a new trial. The motion for the same was made within the proper time, and the court had jurisdiction to grant the motion for a new trial, and it erred in holding it had not. It also erred in setting aside and vacating the order granting the motion for a new trial on the ground that it had no jurisdiction to grant it. It is so manifestly clear that a motion for a new trial and the appeal from the judgment are each separate and independent remedies that it would seem a needless waste of time and energy to discuss the subject at any great length. An appeal may be perfected from the judgment without it in any manner interfering or devesting the court of jurisdiction to hear and determine a motion for a new trial, if the same is duly made in the manner and within time limited by statute for making such motion. A motion for a new trial is an application addressed to the sound discretion of the court, in which application is made upon certain grounds for a re-examination of the facts. If it be granted, the effect is to set aside the verdict and present all issues of fact for re-examination. The granting of a new trial operates as a matter of law to vacate and set aside the judgment. It would be an anomalous situation to grant a new trial, thus reinstating the case in the trial court for a retrial on all the issues of fact and of law, at the conclusion of which a verdict might be rendered and a valid judgment entered thereon, and still contend that the former judgment is effective.

If the motion for a new trial were made and granted prior to the time of entry of judgment, it is apparent no judgment could be entered. If the motion is made and granted after the entry of judgment, thenceforth the judgment is ineffective. Where the judgment has been entered and a motion for a new trial has properly been made, the judgment may be said to be contingent until the disposition of the motion for a new trial, when, after the new trial is granted, judgment becomes ineffective. If a new trial is denied, the judgment remains effective unless for other reasons in a proper case it is modified by the trial court or vacated and set aside by it, or unless it is re-

versed on appeal if an appeal has been taken. There is abundant authority to sustain the views above expressed. See King v. Hanson, 13 N. D. 93, 99 N. W. 1085. The case of Spanagel v. Dellinger, 38 Cal. 278, is one which clearly illustrates that an appeal from a judgment and a motion for a new trial are independent remedies. We feel it unnecessary to cite the long list of authority which sustains the same principle expressed in the case last above cited. If the motion for a new trial is made within the time limited by statute, it is an independent remedy. The trial court has judisdiction to grant such motion for any of the causes specified in § 7660 or upon its own motion for the causes set forth in § 7665, Compiled Laws 1913. It may grant such new trial upon a proper motion either after or before the entry of judgment, and is not, after entry of judgment, limited in the scope of its jurisdiction to grant a new trial to the single cause of newly discovered evidence. It retains jurisdiction of the case for the purpose of exercising its discretion in granting or refusing a new trial, and this, though judgment has been entered and an appeal taken therefrom; for the granting of a new trial has the effect to vacate the verdict, and when the verdict is vacated there is nothing to support the judgment; and though, in an appeal from a judgment, an appellate court acquires jurisdiction of the case from the time an appeal is perfected from it, it acquires such jurisdiction subject to the contingency that the judgment may become ineffective by a vacation of the verdict upon which it rests, by the granting of a motion for a new trial where such motion is properly and timely made.

The order appealed from is reversed and the case is remanded for further proceeding not inconsistent with this opinion. Appellant is entitled to statutory costs on appeal.

CHRISTIANSON, Ch. J. (concurring specially). In the case at bar the defendant moved for a new trial on the ground of insufficiency of the evidence to sustain the verdict. After the motion had been made, and fully submitted to, and pending consideration thereof by, the court, the defendant appealed from the judgment. The appeal was taken through an abundance of caution so as to avoid any question as to whether the action still remained pending within the rule announced by this court in Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Garbush v. Firey, 33 N. D.

154, 156 N. W. 537. Manifestly the defendant did not intend to waive the motion for a new trial. And I agree with my associates that the appeal from the judgment under the circumstances existing in this case did not devest the trial court of jurisdiction to determine the pending motion for a new trial. Whether a motion for a new trial can be made after an appeal from the judgment has been taken is a different question. That question is not involved in this case, and I express no opinion thereon.

