(84 South. 773)

Ex parte STANLEY. (6 Div. 876.)

(Supreme Court of Alabama. May 15, 1919. Rehearing Denied June 30, 1919.)

1. APPEAL AND ERROR ⟨⟩980 — APPELLATE COURT WILL DEFER TO TRIAL JUDGE IN DENYING NEW TRIAL FOR LOSS OF PAPERS.

Where the trial judge denied a new trial, requested on the ground of the loss of papers from the files without fault of the defendant appellant, the appellate court will be slow to hold that the trial judge erred.

2. NEW TRIAL ⟨⟩98—NOT GRANTED BECAUSE OF LOSS OF PAPERS NOT SHOWN TO HAVE AFFECTED THE RESULT.

A new trial will not be granted because of the loss of charges or other papers, not shown to have affected the result.

3. APPEAL AND ERROR ⟨⟩933(1) — PRESUMPTION OF CORRECTNESS OF DECISION ON DENIAL OF NEW TRIAL.

Where charges were lost from the record, it will be presumed on appeal, to uphold denial of new trial on ground of loss, that they were either properly given or refused.

Certiorari to Court of Appeals.

Petition of J. J. Stanley for writ of certiorari to the Court of Appeals to review and revise the judgment in said court, reversing and remanding the case of W. A. Denson v. J. J. Stanley, 84 South. 770. Writ granted.

Percy, Benners & Burr, of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

MAYFIELD, J. The Court of Appeals (Denson v. Stanley, 84 South. 770) reversed the judgment of the trial court for refusing to grant a new trial to defendant, on the sole ground that certain papers were lost from the court files after verdict and judgment, without fault on the part of the defendant. This was the exact question presented to this court for decision in the case of Choate v. A. G. S. R. R. Co., 170 Ala. 590, 54 South. 507. The first paragraph of the opinion states the case presented as follows:

"The propriety or correctness of a trial court's granting a new trial upon the sole ground that the clerk of the court had lost the charges which were refused to the party moving for the new trial, without the fault or neglect of such party, is presented for decision on this appeal."

That case was a stronger one for the defendant on appeal there than the case now under consideration. In that case the trial court granted the new trial. Whatever discretion the trial court had, and whatever advantages it had as to having seen and heard the witnesses testify on the main trial, and on the motion for a new trial, was in defendant's favor; here, those elements are against him. Notwithstanding this, we hold that it was error to grant a new trial on that ground.

The Court of Appeals attempts to distinguish that case from this on the sole ground that it was not alleged in the motion there, as it is here, that it was impossible to substitute the lost charges. It is true there is a statement in the opinion to this effect, which is quoted in the opinion of the Court of Appeals. That statement, however, was not the sole reason for the decision; it was only contained arguendo, as one reason to show error. It was not decided in that case that the ruling would have been different, had the petition contained such allegation. The record in that case showed that the trial was had on the theory that it was impossible to substitute the lost charges. In that case it was said in the opinion, among other things:

"It is argued by appellee that it was physically impossible to substitute all these charges, and the ruling of the trial court would seem to indicate that the judge had the same opinion. But we are not sufficiently informed as to the facts of the concrete case to pass upon this question—indeed, we do not deem it necessary, under the view we take of the case. Substitution being the proper procedure, and the one prescribed by the statute, the attempt should have been made. The plaintiff, who had obtained a judgment in the case, had rights in the premises, as well as the defendant, and, so far as the record informs us, he was without fault or neglect as to the loss of the charges; but he could probably have aided the court and the defendant in the substitution. He should at least have been afforded the opportunity of so doing. * * * It was the duty of the defendant and of the trial court to make the attempt to substitute, instead of presuming that it could not be done, and granting a new trial on account of the loss of the charges— thus denying the plaintiff his right to have a substitution."

[1] If the judge who tried the cause, sitting as a fair arbiter in the premises, with all the facts before him, decided that it was not his duty to grant a new trial, an appellate court would be slow to hold that he erred in so doing. This conclusion is fully justified by previous decisions of this court. Brock v. R. R. Co., 65 Ala. 79; Broda v. Greenwald, 66 Ala. 538; McLeod v. Mfg. Co., 108 Ala. 81, 19 South. 326; W. U. T. Co. v. Chamblee, 122 Ala. 428, 25 South. 232, 82 Am. St. Rep. 89.

[2] The mere loss of charges or other papers which are not shown affirmatively to have affected the result in the trial court, and which, if substituted, or had not been lost, would not affect the result of the ap-

peal, cannot be grounds for the trial court or the Court of Appeals to grant a new trial. Why grant a new trial, unless it is at least made to appear that the result on another trial would or should be different? It was not alleged in the motions that the refused charges were correct statements of the law applicable to the case, or that their refusal was not justified.

If a new trial should not be had on account of the refusal to give the charges, then it would be an anomaly to hold that the loss of such charges would entitle the party to another trial. If the charges were properly refused, which, in the absence of proof, we must presume they were, then their loss could injure no one. Their materiality to the appeal must be shown. The mere fact that they would properly be matter to be included in the transcript on appeal is not sufficient. In other words, the appellant showed neither error nor injury.

We are unwilling to hold that the mere loss of papers, after a verdict and judgment, entitles either party to have that verdict and judgment set aside, merely because the papers cannot be substituted, or their contents proven, and when they were lost without the fault of the party complaining. If it was made to appear that the lost papers would show prejudicial error to the party complaining, and no other relief was availing, then a new trial might be awarded by the trial court, or an appellate court; but a mere loss of papers, without fault of the party complaining, without showing error or injury, on the part of the trial court, is not sufficient.

As stated in the opinion in Choate's Case, 170 Ala. 590, 54 South. 507, there are decisions of other courts supporting the holding of the Court of Appeals. In addition to those then referred to, and those cited by the Court of Appeals, many others may be found in notes to the reports of Sanders v. Wise, L. R. A. 1915B, 353, and Bailey v. U. S., 25 L. R. A. (N. S.) 860. Most of the cases holding that a new trial should be granted on showing that papers were lost without fault of movant or appellant, and that they could not be substituted, were upon statutes or constitutional provisions different from ours. Most of the cases are where the bill of exceptions cannot be obtained because of death, inability, or fault on the part of the trial judge, or appellee; some on account of the death or fault of official stenographers, or other officers of the court.

[3] Our statutes for substituting lost records and establishing bills of exceptions were intended to relieve against the necessity of awarding new trials in such cases. As was said by the Supreme Courts of Oklahoma, Missouri, Arkansas, and other states, in the absence of proof, the appellate court would presume that lost charges were correctly refused or given, as the action of the trial court may have been; that the presumption would be indulged that the action of the trial court was proper. Surely a verdict or judgment ought not to be set aside, unless there is something to show that it is erroneous. Why award a new trial, when there is nothing to show that the result will probably be different on the next trial?

It results that the decision of the Court of Appeals is erroneous, and the application is here granted, the judgment of reversal set aside, and the cause remanded to the Court of Appeals for further action.

Writ granted, and judgment of reversal set aside, and cause remanded.

All the Justices concur.