STATE OF NORTH DAKOTA, Respondent, v. HALVOR J. HAGEN, Appellant.

(208 N. W. 947.)

**Criminal law — statute providing grounds for new trial held exclusive.**

1. The provisions of § 10,917 of the Compiled Laws, 1913, are exclusive in their nature, and the loss of the stenographic notes of the testimony taken at the trial of the case not being specified as a ground for a new trial, a new trial cannot be granted because of such loss.

**Criminal law — district court may not entertain motion for new trial after time for appeal has elapsed; appeal and motion for new trial independent remedies.**

2. The district court has no power to entertain a motion for a new trial made after the time for appeal has elapsed. An appeal from the judgment and a motion for a new trial are independent remedies, and the taking of an appeal does not extend the time within which the motion for the new trial must be made.

Opinion filed May 3, 1926.

Criminal Law, 16 C. J. § 2622 p. 1121 n. 59; § 2626 p. 1127 n. 38; § 2733½ p. 1214 n. 90; p. 1215 n. 94 New.

From an order of the District Court of Grand Forks County, *Kneeshaw,* J., denying motion for a new trial, defendant appeals.

Affirmed.

*Usher L. Burdick,* for appellant.

The first ground of the motion is based upon the assumption that the time for appealing from an order granting or refusing a new trial expires when the time for appealing from a judgment has expired. This is erroneous. The remedy afforded by an appeal from a judgment and the remedy by appeal from an order granting or refusing a new trial are wholly independent remedies. A party aggrieved may invoke one or the other, or both, at his election, provided only he does so within the time and in the manner provided by statute. The period of time in which these independent rights may be exercised are fixed by the statute, and are in no respect dependent one upon the other. King v. Han-

son, 13 N. D. 85; Williams v. Fairmount School Dist. 21 N. D. 198.

*Geo. E. Shafer* and *Geo. A. Bangs,* for respondent.

Whatever may have been the right of the trial court at common law to grant a new trial, there can be no question but that the authority here is purely statutory. The statutes measure the power and no power exists unless granted by the statute. 4 Cooley's Bl. Com. 362–390.

New trial is grantable only on statutory grounds and not for loss of stenographer's notes, death of stenographer, etc. Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Dubb v. N. P. R. Co. 47 N. D. 210, 181 N. W. 606.

The right to a new trial is purely statutory. 16 C. J. 1117; State v. B——, 173 Wis. 608, 182 N. W. 474; People v. Court of General Sessions, 98 N. Y. Supp. 557, 185 N. Y. 504, 78 N. E. 149.

The statement of case can be readily perfected without the aid of the reporter's notes; in truth and in theory they are of no greater value than notes made by anyone else. Golden Terra Min. Co. v. Smith, 2 Dak. 377, 11 N. W. 98; Lidgerwood Mfg. Co. v. Rogers, 4 N. Y. Supp. 716.

There is no law or rule that requires the use of stenographer's notes in the preparation of the appeal. S. P. L. Co. v. Martin, 118 S. C. 319, 110 S. E. 804.

BURR, Dist. J. This is an appeal from the order of the district court, denying defendant's motion for a new trial. Briefly, the facts necessary for a determination of the issues involved are as follows:

The defendant was found guilty of receiving deposits in an insolvent bank, and on June 2, 1924, judgment was pronounced. On the same day an appeal was taken and as no statement of the case was settled the state made a motion in this court, on May 5, 1925, to dismiss the appeal. Defendant appeared on said motion in opposition thereto, and urged that on or about February 2, 1925, the stenographic notes of the testimony, taken by the court reporter at the time of the trial, had been stolen, after about two thirds had been transcribed, and at the same time moved this court for a new trial because of the loss of these notes. This court denied the motion to dismiss the appeal as well as the motion for the new trial, the order being entered on or about June 14, 1925. On July 8, 1925, the defendant served notice of this motion

for a new trial in the district court, setting forth as grounds for the new trial, among other things:

"That the defendant asks for a new trial solely upon the ground that the transcript of the evidence is necessary from which to make a statement of the case and specifications of error and that by reason of the loss of the same the defendant has been precluded from perfecting his appeal. The defendant does not make this application for a new trial resting strictly upon the statutory grounds mentioned in § 10,917, Compiled Laws of North Dakota, but asserts that in addition to said grounds therein mentioned the rule has been laid down in criminal cases, in this state by inference and in others having similar statutes by direct decisions, that the loss of the stenographic notes, through no fault of the defendant or his attorneys, is held to be a ground for a new trial in addition to the grounds specified by statute." Other portions of the motion are either amplifications of this paragraph or explanatory of the same.

The district court denied this motion for a new trial, on July 14, 1925, and in the memorandum opinion accompanying the order sets forth his reason for denying the motion, which reasons are urged by the state in this court in opposition to the appeal. The trial judge came to the conclusion, 1st, that the ground urged for a new trial is not one of the grounds enumerated in § 10,917 of the Code as grounds for a new trial, and that said section is exclusive in its nature; and, 2nd, that owing to the lapse of time, more than one year having passed since judgment was pronounced, the court had no power to grant a new trial. From this order denying the new trial this appeal is taken.

Section 10,917 of the Code sets forth seven grounds, or causes for a new trial and says: "When a verdict has been rendered against the defendant, the court in which the trial was had may, upon his application, grant a new trial in the following cases only" and then sets out the seven grounds. None of these grounds can, by any stretch of the imagination, be said to include loss of the stenographic notes. The defendant recognizes this; but claims this section is not exclusive. The issue involved has not been before us in a criminal case, but has been passed· upon· by this court in civil procedure. In Higgins v. Rued, 30 N. D. 551, 153 N. W. 389, this court laid down the rule that "the failure or inability of a court reporter to furnish the defeated party

with a transcript of the evidence is no ground for a new trial" basing the decision upon the fact that at that time "the causes for which a new trial may be granted are specified in § 7660, Compiled Laws 1913, and these causes are exclusive." Section 7660 did not make "failure or inability of a court reporter to furnish . . . a transcript of the evidence" one of the grounds for a new trial. In this respect it coincided with § 10,917 of the Code—the section under consideration. The legislature, later, amended § 7660 in order to include "loss of notes" but made no amendment of § 10,917. The principle involved is the same, and the rule is the same. New trials are governed by statute; they are the creatures of statute, and the statute is the exclusive source of power for the district court. This view has the approval of almost all jurisdictions. In People v. Amer, 151 Cal. 303, 90 Pac. 698, the court was required to construe a statute which provided new trials in criminal cases could be granted only on grounds specified therein, and held this was exclusive of other grounds. This was an embezzlement case, where the district court granted a new trial because of reprehensible conduct on the part of prosecuting officers, but not because of any ruling of the court thereon. The supreme court held that misconduct of the district attorney is not, in itself, a ground for new trial, made so by statute, and reversed the order granting the new trial. It would have been different had this misconduct been made the subject of a ruling so as to predicate errors of law occurring at the trial. In State v. Davis, 6 Idaho, 159, 53 Pac. 678, the supreme court of Idaho states that grounds for new trial are statutory and cannot be extended by the courts by rule. In State v. Cater, 100 Iowa, 501, 69 N. W. 880, where newly discovered evidence is a ground for a new trial, if produced within a certain time, it is held that new trials cannot be granted for such evidence after the time stated as this is not a statutory ground, and this is affirmed in State v. Watson, 102 Iowa, 651, 72 N. W. 283 and numerous other cases. The appellant at page 52 of his brief cites a Nebraska case as of 56 N. W. 520. We cannot find this case, evidently some clerical error, but the Nebraska rule is uniform with others cited. As early as Bradshaw v. State, 19 Neb. 644, 28 N. W. 323 this court held that "grounds upon which a new trial may be granted in a criminal case are prescribed by statute" and following on down we find the rule adhered to. In Hubbard v. State, 72 Neb. 62, 100 N. W. 153, 9 Ann.

Cas. 1034, this same Court says, "the provisions of §§ 490–492 of the Code of Criminal Procedure regarding the granting of new trials in criminal cases . . . is the exclusive source of power of the district court to grant such new trials." It is true that an adherence to this rule may, at times, seem to work a hardship; but in this same case it is stated "we find no authority for saying the district court possesses the inherent or common-law power to grant a new trial in a criminal case, outside of statutory authority, as justice may demand." Counsel had argued "that a court of general jurisdiction has inherent power to administer justice in such case" but the court said "A court of equity will not interfere for the purpose of granting a new trial in a criminal case." Our sister state of South Dakota has considered this same question of the exclusiveness of the grounds specified in the statute and arrives at the same conclusion. In State v. Coleman, 17 S. D. 594, 98 N. W. 175, this question is discussed at length, and in the body of the opinion numerous authorities are cited. Appellant lays great stress on the case of Richardson v. State, 15 Wyo. 465, 89 Pac. 1027, 12 Ann. Cas. 1048, where the supreme court granted a new trial on the ground of accidental loss of the testimony. An examination of this decision shows, .1st, that the State expressly asked that "the petition in error be taken as admitted and confessed, the prayer thereof granted, and the case remanded for new trial;" (15 Wyo. 469), 2nd, "the grounds upon which a new trial in such case may be ordered are not stated in the statute" (15 Wyo. 484) and the decision was based on the constitutional provision giving to the supreme court power to issue "writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." In the cases cited as authority for including nonstatutory grounds as grounds for a new trial, most of them are under statutes where there is a general clause added, such as "other matter of fact" as in Vermont, or the omission of words showing a design to make the statute exclusive.

Then, again, this motion for a new trial was not made in time. Under the provisions of § 10,920 the application for a new trial must be made "before the time for appeal has elapsed." The facts, heretofore stated, show the time for appeal elapsed June 2, 1925. Appeal had been taken, and is yet pending. The appellant rather ingeniously argues that by taking this appeal the trial court was divested of any

further authority in the case, his power was suspended, and the appeal tolled the limitation. This court has held, repeatedly, that the motion for a new trial and the appeal are independent remedies. McCann v. Gilmore, 42 N. D. 119, 172 N. W. 236, and other cases. In Grove v. Morris, 31 N. D. 8, 151 N. W. 779, this court held that the failure to serve a motion for a new trial within the period fixed by statute was fatal, and State v. Stepp, 45 N. D. 517, 521, 178 N. W. 971, shows this court will consider a motion for a new trial in a criminal case when made within the time specified by statute.

We are of the opinion that not only is the ground set up as basis for a new trial one which we cannot consider, but, also, that the motion for the new trial was made too late, and the judgment of the lower court is therefore affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, and BIRDZELL, JJ., and PUGH, Dist. J., concur.

JOHNSON and BURKE, JJ., being disqualified, did not participate; Honorable A. G. BURR, Judge of the Second Judicial District and Honorable THOMAS H. PUGH, Judge of the Sixth Judicial District, sitting in their stead.