STATE of North Dakota, Plaintiff and Respondent,

v.

Harold PRINCE, Defendant and Appellant.

No. 259.

Supreme Court of North Dakota.

Oct. 30, 1954.

J. K. Murray, Bismarck, for defendant and appellant.

Norman B. Jenson, State's Atty., Bismarck, for plaintiff and respondent.

MORRIS, Chief Justice.

The defendant was convicted of the crime of assignation and on June 19, 1953, was sentenced to the state farm for a term of six months. On the same day he made a motion for arrest of judgment, which was denied. The defendant also filed objection to the jurisdiction of the court to enter judgment or impose a penalty. This objection was overruled. On June 22, 1953, the court entered an order staying execution of the judgment for a period of ninety days. Bail was fixed at five hundred dollars and the defendant released from custody. On April 22, 1954, the defendant served notice of motion for a new trial. The hearing was set for May 10, 1954. This motion was based upon the affidavit of defendant's attorney, the deputy clerk of court, and the official court reporter. The attorney's affidavit, in part, states:

"That within said ninety days' period and on or about the 1st day of September, 1953, this affiant called Mabel Engeseth, the Deputy District Court Clerk, for the purpose of having her forward to the Court Reporter at Jamestown the shorthand notes and the exhibits for the purpose of procuring an estimate of the cost of a transcript, and with the objective in view of securing a transcript; that on that same day, and within about two hours after said telephone call, said Deputy Clerk called this affiant on the telephone and said she had located the shorthand notes of the trial, but was unable to locate the exhibits and files in the case, * * *.

"That one of the exhibits was the record of the taxicab company for whom the defendant was employed during the period of the date of the alleged crime and for a long time prior thereto and thereafter, and covered the period and the dates that the complaining witness testified to relative to the date of the commission of the crime by

the defendant upon her; that said exhibit and the other exhibits introduced in evidence conclusively proved the defendant's innocence; that without such exhibits made a part of the record with the transcript on a motion for a new trial and on appeal, this affiant is of the opinion that the defendant would not be successful in his motion for a new trial nor on the appeal therefrom and appeal from the judgment; that immediately after the conviction, this affiant contemplated, in addition to the appeal, making a motion for a new trial on a settled statement of the case, including the exhibits, and if same was denied to appeal from such denial.

"That by reason of the loss of the exhibits aforementioned, and by reason of the fact this affiant was continually trying to get the exhibits into the hands of the Court Reporter, this affiant accidently and inadvertently overlooked procuring the necessary extension of time to perfect the record; that the loss of said exhibits and the fact that the Clerk could not find them upset this affiant, and by reason thereof he neglected to procure the necessary extension."

The affidavit of the court reporter shows that the shorthand notes and the exhibits were filed with the clerk of the district court of Burleigh County subsequent to the trial and that the reporter has not had either the notes or the exhibits in his possession since they were filed. All of these affidavits are dated in April 1954. On May 14, 1954, the trial court

"Ordered that the defendant's motion for a new trial be and the same is hereby in all things denied."

The order does not recite and is not accompanied by a memorandum showing the reason for the denial.

During most of the time the foregoing proceedings were being had, an appeal by the defendant was pending in the supreme court. About July 3, 1953, the defendant served and filed a notice of appeal from the judgment. A partial record on that appeal was certified to this court by the clerk of the district court. The state noticed for hearing at the May 1954 term of the supreme court a motion to dismiss the appeal upon the ground that the record had not been perfected in the supreme court. At the same time the motion to dismiss was heard, the defendant made application to the supreme court for an extension of time to settle the statement of the case. On May 12, 1954, we denied the defendant's application for extension of time and ordered

"That the motion of the respondent for a dismissal of the appeal herein be and the same is hereby granted and the appeal from the judgment of the District Court of Burleigh County is ordered dismissed."

This was two days before the trial court made its order denying the defendant's motion for a new trial from which this appeal is taken and two days after the motion had been heard.

The defendant seeks to bring himself within those portions of Section 29–2402, NDRC 1953 Supp. which provide that

"When a verdict has been rendered against the defendant, the court in which the trial was had, upon his application, may grant a new trial in the following cases only: * * *

"8. When the defendant, without fault or negligence on his or her part, is unable to procure a correct and complete transcript of the evidence given and the proceedings had at the trial."

Paragraph 8, above quoted, was added to Section 29–2402, NDRC 1943 by Chapter 216, SLND 1949. In addition to the language above quoted the original bill also provided:

"A motion for new trial based upon this ground may be made within six months after the rendition of judgment. This ground for new trial applies, in addition to cases in the future, to cases in the past now pending either in the district courts or in the supreme court."

The original bill was amended in the state senate by striking out the language last quoted. Senate Journal, 1949, pages 379 and 400.

The striking out of that portion of the original bill left the general statute fixing the time for making motions for new trial in criminal cases applicable to paragraph 8. The general statute, Section 29–2404, ND RC 1943, provides:

"The motion for a new trial must be made upon not less than one nor more than five days' notice and, if based upon any of the grounds mentioned in subsections 2, 3, 4, and 7 of section 29–2402, such written notice must be served and filed within thirty days after the discovery of the facts upon which the party relies in support of his application. In all other cases, the notice must be served and filed within ten days after the rendition of the verdict or within such further or other time as the court may allow or fix."

The verdict was rendered June 18, 1953. On April 22, 1954, the defendant served notice of motion for a new trial to be heard on May 10, 1954. No application was made for an order, or order issued, extending the time for making a motion for a new trial. The trial court might properly, within the exercise of his judicial discretion, have refused to hear the motion or have denied it on the ground that it had not been made within the time prescribed by statute or any extended time allowed by the court. Mc-Kinney v. State of Wyoming, 3 Wyo. 719, 30 P. 293, 16 L.R.A. 710; Harris v. Jennings, 64 Neb. 80, 89 N.W. 625, 97 Am.St. Rep. 635; Heeter v. Nisi, 134 Neb. 209, 278 N.W. 271; Brockman v. Hall, 37 Idaho 564, 218 P. 188; Louder v. Hunter, 27 S.D. 271, 130 N.W. 774; Bancroft's Code Practice and Remedies, Section 6100.

We resolve the uncertainty as to the ground upon which the motion for a new trial was denied in favor of the defendant and assume that the trial court denied the motion on the merits rather than the procedural ground that the defendant had failed to secure an extension of time within which to move for a new trial. At the time the motion was made and heard the appeal from the judgment was pending in the supreme court.

"The jurisdiction of the court to entertain a motion for a new trial is not terminated as long as the action is pending. Whether the facts and circumstances are such that the court should hear and consider the motion on its merits is a different question and one for the court's determination in the exercise of its jurisdiction. It was for the court to determine whether the motion should or should not be heard." Nevland v. Njust, 78 N.D. 747, 51 N.W. 2d 845, 849.

Prior to the repeal of Section 29–2406, NDRC 1943 by Chapter 207, SL ND 1951, the district court had no power to entertain a motion for a new trial made after the time for appeal elapsed. State v. Hagen, 54 N.D. 136, 208 N.W. 947; State v. Gibson, 69 N.D. 70, 284 N.W. 209; State v. McClelland, 72 N.D. 665, 10 N.W.2d 798. This rule was changed by the repeal. An appeal from a criminal judgment must be taken within three months after its rendition and under the old rule the same time applied to the making of a motion for a new trial. The removal of the limitation by the repeal of Section 29–2406, NDRC 1943 now permits the defendant in a criminal case to make a motion for a new trial after the expiration of three months from the rendition of the judgment and set it for hearing during the time that the case is pending. A civil action is deemed pending from the time of its commencement until its final determination upon appeal or until the time for appeal is past. Section 28–0510, NDRC 1943. By analogy it would seem that a criminal action is also pending until its final determination upon appeal or until the time for appeal has passed.

The defendant's motion for a new trial was set for hearing and heard on the

tenth day of May 1954, at which time the case was pending·on appeal in the supreme court. The motion having been submitted to the court while the case was pending, he had ·jurisdiction to hear and determine it, his determination being made in his order denying the motion on May 14, 1954.

The taking of an appeal does not terminate the right of the appellant to also move for a new trial. McCann v. Gilmore, 42 N.D. 119, 172 N.W. 236. A motion for a new trial and an appeal from a judgment are separate remedies. State v. McClelland, supra. The existence of our present statutory ground for a motion for a new trial as set forth in paragraph 8 of Section 29–2402, NDRC 1943, as amended, affords a practical example of the wisdom of the rule. It may well be that the loss of stenographic notes and the consequent inability to secure a settled statement of the ·case for review is not discovered until after the notice of appeal has been served and filed. If taking an appeal would terminate the right to move for a new trial, the relief afforded by paragraph 8 would be short lived or completely unavailable in many instances.

On the hearing of the motion· for new trial it was established that none of the records or files in this case were really lost but were only misplaced. The exhibits were found sometime in April 1954 in the clerk's office by the state's attorney. When the defendant ,or his counsel learned of the discovery does not appear. According to the affidavit of defendant's counsel, his activities in attempting to procure a transcript began about September 1, 1953, when he called the deputy clerk of the district court for the purpose of having her forward to the court reporter the shorthand notes and exhibits for the purpose of procuring an estimate of the cost of the transcript. Section 29–2301, NDRC 1943 provides:

"A statement of the case, as the term is used in this chapter, is a statement in writing constituted, prepared, settled, certified, and filed, as provided in section 28–1806."

Section 28–1806, in part, provides:

"Within thirty days after notice of the entry of judgment or of the order to be reviewed, or within such further time as the court shall. allow, the moving party must procure a transcript of the evidence and furnish a. copy thereof to the adverse party with a notice that at a time not less ,than fifteen nor more than thirty days after the service of such notice, he will present the same to the judge for certification as a correct transcript of the evidence and of all proceedings had and made matter of record by the official reporter, and that, at the same time, he will ask the judge for a certificate identifying the exhibits and depositions in the case; * * *."

No attempt was made to comply with these statutory provisions for almost two and one-half months after the entry 'of the judgment of conviction and it was not until then that the loss or misplacement of any of the records was discovered. The shorthand notes were found shortly after the telephone call from defendant's counsel to the deputy clerk. Only the exhibits remained misplaced until April 1954. The shorthand notes were·never presented to the court reporter for an estimate of the cost of a transcript and no transcript was ever ordered. The defendant made no attempt to locate the missing exhibits other than to call the clerk's office from time to time up until March 1, 1954, to inquire about the exhibits. The exhibits were introduced by the defendant. No showing is made of the contents of the exhibits other than that one was a record of the taxicab company by whom the defendant was employed during the period within which the crime was committed. It does not appear that the contents of the exhibits could not have been shown or could not have· been stipulated so as to complete the record.

From this record we are unable to ascertain whether the misplaced exhibits would be material to any issues raised on appeal. If we assume that the taxicab records were introduced in evidence for the purpose of

establishing an alibi for the defendant, we cannot determine their materiality or importance to the issues on appeal without a transcript of the evidence. The stenographic notes were available and a transcript could have been procured and presented to the trial court at the hearing on the defendant's motion for a new trial and made a part of the record on this appeal.

In Cadoma Sheep Co. v. Doughaard, 41 Wyo. 502, 287 P. 436, it was held that a new trial because of inability to furnish a record for review was unwarranted where the judge's certificate showed that certain evidence had been "misplaced."

In Ex parte Stanley, 203 Ala. 408, 84 So. 773, 774, it is said:

"We are unwilling to hold that the mere loss of papers, after a verdict and judgment, entitles either party to have that verdict and judgment set aside, merely because the papers cannot be substituted, or their contents proven, and when they were lost without the fault of the party complaining. If it was made to appear that the lost papers would show prejudicial error to the party complaining, and no other relief was availing, then a new trial might be awarded by the trial court, or an appellate court; but a mere loss of papers, without fault of the party complaining, without showing error or injury, on the part of the trial court, is not sufficient."

We construe paragraph 8 of Section 29–2402, NDRC 1943, as amended, to include within its scope not only the transcribed oral testimony but also exhibits that are material to the issues to be presented. However, it is not every instance of missing exhibits that requires a new trial to be granted. The party seeking a new trial under this statute must show diligence on his part in attempting to secure a transcript or to find or replace missing exhibits. It must also appear that the exhibits are necessary to a review in the appellate court or to properly present the record on a motion for new trial on grounds other than prescribed by paragraph 8, or that they are of such a nature that under the circumstances disclosed by the available record their absence will be presumed to be prejudicial. In this case there is a lack of diligence on the part of the defendant and we are unable to ascertain from the record presented whether or not the missing exhibits are material to the issues which the defendant sought to have reviewed. The order appealed from is affirmed.

GRIMSON, JOHNSON and SATHRE, JJ., concur.

BURKE, Judge (concurring specially).

I concur in the affirmance of the order denying the motion for a new trial in this case. At the time the motion was heard the lost exhibits had been found and there was therefore available to the defendant the opportunity to move for a new trial on the merits.

The only reason for making the loss of records a ground for a new trial is that such loss would prevent a review upon the merits. To grant a motion, made upon that ground, after the lost records have been discovered and before the time to move for a new trial on the merits had expired, would, in my opinion, verge on the ridiculous.