· ROLLINS, ET AL.; v. DUNCOMBE.
(No. 862; Decided June 10th, 1916; 157 Pac. 896.)

Appeal and Error—Bill of Exceptions—Effect When All Evidence Not Included—Motion to Strike—Admissibility of Evidence—Review—Instructions—Sales—Breach of Warranty—Measure of Damages—Misconduct of Jury—Presentation of Objections and Exceptions by Bill.

1. The fact that a bill of exceptions does not contain all of the evidence properly certified as required by Comp. Stats. 1910; Section 4598, is no ground for striking the bill from the record.

2. Objections to the relevancy or competency of evidence admitted at the trial cannot be reviewed unless all of the evidence is presented in a properly certified bill of exceptions.

3. Objections to instructions that are based on evidence will not be reviewed unless the bill of exceptions contains all of the evidence.

4. In an action by the buyer against the seller for damages for selling chattels which the latter did not own, the measure of damages in the price paid with interest thereon, and such other damages as necessarily arise out of the transaction.

5. An instruction indefinite as to the measure of damages will not be reviewed where not objected to on that ground and where no complaint is made of excessive damages.

6. Alleged error in permitting the jury to view property where the objection and exception thereto does not appear in the bill of exceptions independent of an ex parte affidavit filed after the trial in support of a motion for a new trial will not be reviewed. What occurred at the trial must appear by the bill of exceptions and not by ex parte affidavits filed thereafter.

Error to District Court, Uinta County; David H. Craig, Judge.

Action by Joseph Duncombe against C. L. Rollins, Sr., and another, for the recovery of money paid in purchase of certain sheep from defendant, the title of which were in another. Other material facts are stated in the opinion.

*Abraham Crawford* and *P. W. Spaulding,* for plaintiffs in error.

The evidence offered as to the identity of the sheep was incompetent and should have been precluded. (Jones on

Evi. 2nd Ed., Sec. 297, p. 375; Jones on Evi., Secs. 344, 345.) The judgment and verdict should be reversed on account of errors in admitting incompetent evidence. (Armour & Co. v. Kollmeyer, 16 L. R. A. (N. S.) 1111, 161 Fed. 78.) The admission of incompetent and hearsay evidence undoubtedly influenced the jury and was prejudicial error. (Zucker v. Whiteridge, 41 L. R. A. (N. S.) 683 at 695, 205 N. Y. 50, 98 N. E. 209.) The fact that the record does not contain all of the evidence is no reason for not reviewing exceptions to the erroneous admission of evidence. (2 R. C. L. 133; Appeal and Error, Sec. 108.) The court erred in permitting the jury to go out and examine certain sheep at some place still unknown to defendants and their counsel; the order for this inspection was oral and did not appear of record. Lee Chesney, a witness, accompanied the jury and made statements to the jury out of the presence of defendants and their counsel, all of which was misconduct and reversible error. (Wigmore on Evi., Vol. 3, Sec. 1802 (2), p. 2327.) Instruction No. 4 given on behalf of plaintiff was erroneous; the instruction is indefinite as not indicating what sheep plaintiff may recover for. Where the evidence is conflicting the instructions must be accurate. (Brickwood Sackett on Instructions, Vol 1, Sec. 172.) Only a portion of the sheep were alleged to be the property of Chesney Sheep Company. Interlineations made by the court on the face of this instruction resulted in making it even more indefinite and incapable of being understood. Moreover, the instruction does not state the correct rule of law. The presumption was that error was prejudicial unless the contrary be shown. (2 R. C. L. 235.) Instructions may be reviewed in the absence of evidence. (Red Men's Fraternal Assn. v. Rippey, 50 L. R. A. (N. S.) 1007, 104 N. E. 641 (Ind.)

*B. M. Ausherman,* for defendant in error.

The bill of exceptions does not set forth anything for the consideration of this court, and should be stricken. (State v. Craig, 15 Wyo. 445, 89 Pac. 584.) The bill does

not contain the evidence necessary to explain the exceptions complained of and is defective. (Callahan v. E. O. Houck & Co., 14, Wyo. 201, 83 Pac. 372; Iowa State Savings Bank v. Henry, et al., 22 Wyo. 189, 136 Pac. 863.) The objection to instructions based on evidence cannot be reviewed without the evidence, and it appears from the certificate of the judge that only a portion of the evidence is contained in the record in the bill. (3 Cyc. 171.) The bill of exceptions does not contain an objection and exception to the order permitting the jury to inspect the sheep; the only presentation of this fact is by an ex-parte affidavit by Abraham Crawford of counsel; the objection is not properly presented. The verdict in this case was merely advisory. (Lellman v. Mills, 15 Wyo. 149, 87 Pac. 985.) Exceptions will be disregarded unless material and prejudicial to the substantial rights of the party excepting. (Section 4599, Comp. Stats 1910; Hilliard v. Douglas Oil Fields, 20 Wyo. 215, 122 Pac. 626.) None of the exceptions alleged are properly presented for review.

SCOTT, JUSTICE.

This action was brought by defendant in error, hereinafter called plaintiff, to recover from plaintiffs in error, hereinafter called defendants, moneys paid by plaintiff to defendant as the purchase price for certain sheep sold and delivered by defendants to plaintiff and afterwards claimed by plaintiff to be the property of the Chesney Sheep Company, a partnership, and not the property of the defendants when sold and delivered by defendants to plaintiff, and that plaintiff had been obliged to return the sheep to the Chesney Sheep Company. The case was tried to a jury which returned a verdict in favor of the plaintiff and against the defendants for the sum of $1,000, upon which judgment was rendered in favor of the plaintiff. The defendants bring error. ·

1. A written motion is submitted in connection with the submission of the proceedings in error in this case to strike the bill of exceptions from the record for the reason that it

does not contain all of the evidence which was given upon
the trial, and to dismiss the appeal. We think the motion
so submitted calls attention to the fact that all errors as-
signed cannot be here considered in the absence of all the
evidence. That is not, however, a ground for striking the
bill. Our attention is inevitably called to the certificate of
the presiding judge to the bill of exceptions, the last sen-
tence of which certificate reads as follows: "Said bill of
exceptions contains only a small portion of the evidence in
said case." The certificate of the judge is necessary to give
life and verity to the bill, and where any question is pre-
sented to this court which calls for the consideration of the
evidence then all of the evidence bearing on the question
must be so presented and so certified to entitle it to con-
sideration.

The question has been many times decided in this juris-
diction. It is said in State v. Craig, 15 Wyo. 445, 89 Pac.
584, that the statute providing that "No particular form of
exceptions is required, but that the exception must be stat-
ed with the facts, as briefly as possible, is not satisfied with
anything less than all the evidence bearing on and which
is necessary to explain the exception or error complained
of." In Callahan v. Houck & Co., 14 Wyo. 201, 83 Pac.
372, this court said that the omission of the certificate to a
bill of exceptions to state that the bill contains all the evi-
dence is a defect in the bill itself. In Iowa State Savings
Bank v. Henry, et al., 22 Wyo. 189, 136 Pac. 863, the
doctrine is again reiterated as follows, viz: "The certificate
of the trial judge to the bill in this case recites that it 'con-
tains all of the material evidence offered, given and intro-
duced in said cause,' and it does not appear anywhere in
the bill by recital or otherwise that it contains all the evi-
dence given upon the trial." This rule is statutory and Sec.
4598 of the Compiled Statutes so requires.

It is attempted to predicate error upon the admission and
rejection of evidence over defendants' objections and ex-
ceptions. We cannot infer that all of the evidence given at
the time of the trial is of any value upon review in this

court unless properly certified by the presiding judge. Here the objection is to the relevancy and competency of evidence offered by the plaintiff. It is apparent that such evidence when considered in connection with all the other evidence even if not relevant or competent, might not be prejudicial either because cumulative or for other reasons, a question which cannot be here considered in the absence of all the evidence.

The question remains in the case for consideration here as to whether any of the instructions are inapplicable and prejudicial upon any possible phase of the evidence. (Downing v. State, 10 Wyo. 373, 69 Pac. 264.) An inspection of the instructions given and here complained of indicate that they are all based upon the evidence given upon the trial and all the evidence is not included in the bill. It is impossible to review questions which involve a consideration of the evidence as in the case here without bringing up all the evidence bearing on the question sought to be raised. It is so held in criminal cases, notably in Downing v. State, supra, and in Koppala v. State, 15 Wyo. 398, 89 Pac. 576, and we think we should follow the uniform rule in vogue in this jurisdiction in both civil and criminal cases.

2. Notwithstanding the defect above pointed out in the bill of exceptions plaintiffs in error insist that they are entitled to urge their assignment of error predicated on the giving of the following instruction to the jury over their objection:

"The jury are instructed that if you find from the evidence that the defendants sold and delivered to the plaintiff sheep which they, the defendants, at the time did not own, and that the plaintiff in good faith paid for and received the said sheep with the understanding that they belonged to the defendants, and if you further find from the evidence that a part or a portion of said sheep sold was at the time the property of the Chesney Sheep Company or that of any other party or person other than the defendants and that the right to make sale thereof had not been given the defendants could not give or convey to the plaintiff

title thereto and that under the law the plaintiff or defendants is bound to account to the true owner or owners of said sheep and under such circumstances the plaintiff is entitled to recover from the defendants the money paid for the sheep so sold and delivered together with the damage that the jury may find that he has sustained by reason of such wrongful sale so made to him, then the jury should find for the plaintiff." Of course the measure of damages to be recovered in such a case would be the price paid for the sheep at the time such agreement and delivery were made together with interest from that date henceforth, and other damages necessarily arising out of the transaction. (13 Cyc. 168; Sec. 311 Williston on Sales.) If the title never resided in the defendants and they had nothing to sell, then they delivered nothing to the plaintiff although they claimed ownership. The instruction is not definite as to the measure of damages but it is not here objetced to on that ground, and the verdict and judgment are not complained of on the ground that the damages assessed arc excessive.

3. It is assigned as error that the court during the trial erroneously permitted the jury to view certain sheep. The allegations in support of this assignment appear only in the affidavit in support of the motion for a new trial. The question in principle was before this court in Jenkins v. State, 22 Wyo. 34, 78, 134 Pac. 260, 135 Pac. 749, where the alleged misconduct of the prosecuting attorney was made to appear by an ex-parte affidavit in support of a motion for a new trial, and in that manner carried into the bill. We there said: "The objection and exception do not appear in the bill of exceptions independent of this *ex-parte* affidavit which was filed in support of the motion for a new trial. * * * * * What occurred upon the trial must appear by the bill and not by ex-parte affidavits." The case at bar falls clearly within the opinion in that case. We find no error here complained of sufficient to reverse this judgment and it is accordingly affirmed. *Affirmed*.

POTTER, C. J., and BEARD, J., concur.