## CASPER MOTOR COMPANY vs. J. L. MARQUIS

(No. 1093, March 3, 1924; 223 Pac. 764.)

Sales—Conditional Sales—Rights of Attaching Creditors of Vendee—Knowledge of Contract—Notice—Appeal and Error— Exception to Excluded Evidence Not Available Without Offer of Proof.

1. Except as otherwise provided by statute, in sales of personal property, when by the terms of the contract of sale title does not pass until payment is made and the property in the meantime is to remain the property of vendor, who may on default repossess himself thereof, vendor may reclaim it, though it be in the hands of 'a third party who takes it in good faith and without notice.

2. Comp. St. 1920, § 4713, providing that no sale wherein the transfer or title of ownership of personal property is made to depend upon any condition shall be valid against any purchaser or judgment creditor of vendee without notice unless the instrument is in writing and duly filed of record, is inapplicable to an attaching creditor of 'a vendee with notice of a conditional contract of sale, though it is not filed of record.

3. The burden of proof to show want of knowledge of a conditional contract of sale on the part of 'an attaching creditor of the vendee is upon him or the party representing him.

4. In an action by vendor to recover possession of an automobile sold under a conditional contract of sale against an attaching creditor of vendee, exclusion of a question to the attaching creditor asking him whether he had any knowledge of the contract was not available as error, where there was no offer to prove what the question would have elicited.

Appeal from District Court, Natrona County; Cyrus O. Brown, Judge.

Action by the Casper Motor Company against J. L. Marquis, Sheriff, to recover possession of property taken under attachment. Judgment for plaintiff and defendant appeals.

*A. G. Vanatta* for Appellant.

The law governing conditional sales appears at Sections 4713-14 Comp. Stats.; a general provision relating to the filing of instruments intended to operate as a mortgage of personality appears at Sections 4687-88 Comp. Stats.; the transaction here involved a note and an instrument given to secure it; it was not a conditonal sale but an absolute sale, secured by chattel mortgage; there was no affidavit to give it validity as a conditional sale; there is no evidence that the attaching creditor or any one else had notice, McLeod signed the notice and registered the car in his name as owner in accordance with law, 3476-3484 C. S.; if the instrument was intended as a conditional sales contract it was void, Furniture Co. v. Opera House Co., 11 Wyo. 144; 70 Pac. 838, 72 Pac. 687; Crumrine v. Reynolds (Wyo.) 78 Pac. 402; Studebaker Co. v. Mau, 14 Wyo. 74, 82 Pac. 2; no demand was made before suit; the most that can be said for the instrument is, that it is an unrecorded chattel mortgage and void as to creditors and purchasers in good faith. The judgment should be reversed.

*Hal Curran* and *Nichols & Stirrett* for Respondent.

The evidence shows the transaction to be a conditional sale under which vendor reserved title; the instrument was not filed or placed of record, the attaching officer was notified that the automobile was not the property of McLeod prior to levy, Wyoming cases cited by appellant are not in point; an attaching creditor is not a purchaser or judgment creditor; one claiming property in the face of a conditional sales contract must be without notice or knowledge of the claim of the third party; this places the burden of proof on claimant; appellant failed to prove absence of notice or knowledge of respondent's interest, but relied solely on fraud which he failed to prove.

BLUME, Justice.

The Casper Motor Company, plaintiff and respondent here, brought an action in the district court of Natrona

County against J. L. Marquis, as Sheriff of said County, defendant and appellant, in order to recover possession of a certain Buick automobile, which the said sheriff had then in his possession pursuant to a writ of attachment issued in a case wherein Joe Rodish was plaintiff and one George McLeod was defendant. Judgment was rendered in the lower court in favor of the plaintiff and respondent herein, from which defendant herein appeals.

The Motor Company claimed the property in controversy pursuant to a written conditional sales contract introduced in evidence, made with George McLeod, which provides that the title to said automobile was not to pass to the purchaser, but was to remain in said motor company until the car was fully paid for, with the right to take possession thereof upon default in payment or whenever it was taken under execution or attachment. It is not disputed and the testimony shows that at the time of the seizure of the property by said sheriff, there was then due and owing thereunder to the respondent the sum of $600 and interest thereon, and hence the default clause in said contract came into operation at the time of the attachment herein. The contract was not, however, placed of record, and the contention herein is as to the effect of that fact and as to the burden of proof on the question of knowledge. Except as otherwise provided by statute, in sales of personal property, when by the terms of the contract of sale the title does not pass until payment is made, and in the meantime the property is to remain the property of the vendor, who in case of default has the right to repossess himself thereof, the vendor may reclaim it, even though it be in the hands of a third party who takes it in good faith and without notice. Grand Rapids Furniture Co. vs. Grand Hotel & Opera House Co., 11 Wyo. 128, 144, 70 Pac. 838, 72 Pac. 687. But by section 4713, W. C. S. 1920, it is enacted that ''no sale, contract or lease wherein the transfer or title of ownership of personal property is made to depend upon any condition, shall be valid against *any purchaser or judgment* creditor of the

vendee or lessee in possession, *without notice*" unless the
instrument is in writing and duly filed of record. The sec-
tion further provides that "all such sales or transfers shall
cease to be valid against purchasers in good faith, or judg-
ment or attaching creditors without notice at the expiration
of one year from the date of such sale" unless an affidavit
of renewal is filed within the time and in the manner speci-
fied. It is contended that under this statute all conditional
sales' contracts are valid for one year, without being filed
of record, except only as to purchasers and judgment credit-
ors without notice, and that this rule applies in the case at
bar because the contract here involved was made on May
22, 1921, while the action herein was commenced on January
12, 1922. We need not, however, decide this point, but it
is at least clear that a creditor with notice cannot by attach-
ment require a superior right over the holder of such con-
tract not of record. It has been settled in the case of Crum-
rine vs. Reynolds, 13 Wyo. 111, 78 Pac. 402 that the burden
of proof to show want of knowledge of such contract on the
part of the attaching creditor is upon him or upon the party
representing him. The appellant has wholly failed to sus-
tain this burden, and apparently no attempt was made to
do so. Joe Rodish, the attaching creditor, was a witness in
the case, yet he failed to testify that at the time of the at-
tachment he had no knowledge of the existence of the con-
tract in question. That fact would seem to show that he
had knowledge thereof. True, he was asked questions as to
whether George McLeod, during the time that the latter was
in control or possession of the automobile said anything as
to who was the owner thereof. An objection to the question
was sustained and that ruling is assigned as error. It does
not appear what would have been the answers. For aught
the record shows, the witness would have testified that Mc-
Leod told him of the existence of the contract. No offer
was made indicating what the testimony of the witness
would have been. We need not determine whether, if an
offer had been made to show by the witness that McLeod

claimed to be the exclusive owner thereof, the testimony of-
fered would have been competent, although we might add
that such testimony alone would not have been sufficient in
itself, since information of the existence of such contract
might have been conveyed to Rodish from many other
sources. But as stated, no such offer was made. Elliott on
Appellate Procedure, Sec. 743, states the rules as follows:

"In the examination in chief the exclusion of testimony
is not available as error unless the party makes an offer to
prove the facts which he assumes that his question will
elicit. Where an objection is properly interposed more must
be done, in cases where the objection is sustained, than to
ask the question; the party producing the witness and insist-
ing upon the question must state what he proposes to prove
by the witness."

To the same effect see 4 C. J. 759; McGinnis v. State, 4
Wyo. 115, 122; 31 Pac. 978; 53 Pac. 492; Jenkins v. State,
22 Wyo. 34, 58; 134 Pac. 260, 135 Pac. 749; Stickney v.
Hughes, 12 Wyo. 397, 409; 75 Pac. 945; Padgett v. Guil-
martin, 106 Tex. 551, 172 S. W. 1101. An exception to the
rule was made in McGinnis v. State, supra, where a witness
offered was rejected as incompetent to testify; and other
exceptional circumstances might require a modification of
the rule, but that is not true in the case at bar.

We find no error in the record and the judgment of the
trial court should be affirmed. It is so ordered.

*Affirmed.*

Potter, Ch. J., and Kimball, J., concur.

NOTE—See 3 C. J. p. 825; 35 Cyc. pp. 680, 682, 709 (1925 anno)