## HITSHEW v. DERN, ET AL.*
### (No. 1380; July 6, 1926; 247 Pac. 305.)

APPEAL AND ERROR—MOTION TO DISMISS.

1. Notwithstanding appellant's consent that judgment for possession of land be entered against him, his appeal will not be dismissed as frivolous, where he complains that judgment in form as entered fails to settle equities as declared by pleadings.

*See Headnote:   (1)   4 C J p. 575 n. 79.

APPEAL from District Court, Niobrara County; CYRUS O. BROWN, Judge.

Action to recover possession of real estate by Oliver Hitshew against C. E. Dern and Ethel Dern, who entered a cross-petition. There was judgment for plaintiff for possession, and defendants appeal. Heard on motion to dismiss the appeal.

*Harold I. Bacheller,* for the motion.

The appeal is without reasonable cause and taken for delay; the judgment below was entered by consent; errors assigned were waived by the consent judgment; Johnson v. Railway Co., 71 N. W. 619. An appeal, manifestly frivolous, will be dismissed; Chiafullo v. Schwab, 109 Pac. 36.

*Edwin L. Brown,* contra.

The appeal was taken for the reason that the court granted plaintiff more relief than was justified by the evidence; the judgment signed by the court erroneously found that respondent was entitled to possession of the premises in suit, at the time suit was brought, whereas the right of possession did not accrue until the surrender of the notes; this being a direct appeal, the provisions of 6372 C. S. are not applicable; the question as to who was entitled to possession, at the commencement of the action, is one of importance and cannot be disposed of upon a motion to dismiss.

POTTER, Chief Justice.

This cause has been heard on motion to dismiss the appeal; the ground of the motion, described generally, seeming to be that the appeal is frivolous and not taken in good faith for the reason that the judgment complained of was consented to by the appellants upon the trial "except in one particular only," and that, should the judgment be reversed in that particular "it will not affect the relief granted." The suit was brought to recover possession of real estate claimed by the plaintiff below, respondent here, under conditions stated in the pleadings, and the judgment was for the plaintiff for the possession of the property, as consented to by the parties upon the trial. But the form of the judgment contained a finding that the plaintiff had been entitled to the possession from the beginning of the action, and that part was excepted to by the defendants below, appellants here. And upon the issuance of a writ for the possession, the same appears to have been returned not executed by the sheriff as the result of the allowance and filing of a supersedeas bond by the defendants in the sum of $3000.

The point first to be considered is whether the questions now in controversy between the parties should be decided upon this motion to dismiss. And we are of the opinion that they should not. We are not sure that all the equities of the defendants, notwithstanding the consent to the judgment for possession, and that was the extent of the consent, were properly looked after in the form of the judgment as rendered and entered, or whether the defendants and appellants may not have a right here to a consideration of such matters in determining the propriety of the judgment as rendered and entered.

Stated briefly, the plaintiff alleged by his petition filed June 5, 1924, that he had purchased the property in question from defendants on or about February 18, 1922, paying good and valuable consideration therefor; that subsequent thereto the plaintiff took and maintained possession until forcibly ousted by the defendants; that since the purchase plaintiff has grazed live stock over the land and maintained employees thereon, but that defendants have lived upon the land through the sufferance of the plaintiff, and that on or about June 2, 1924, defendants forcibly ejected plaintiff's employees from the lands. And the prayer for judgment is for the complete restitution of the premises and that defendants be restrained from entering upon or occupying the same or molesting the plaintiff or his employees in any manner, and that plaintiff's title be quieted. Defendants' answer contained denials of the averments of the petition except that it was admitted that defendants have lived upon the land during all the times mentioned in the petition, and by way of cross-petition alleged the conditions of the transfer of the lands to plaintiff, which may be described substantially as that, on or about January 7, 1921, the plaintiff and one George Hitshew, as parties of the second part, and defendants as parties of the first part, entered into a written agreement whereby the defendants were to transfer conditionally a

part of the land described in the petition and certain personal property to the plaintiff and George Hitshew—a copy of the agreement being attached to the pleading. That the consideration for the delivered deed was that the plaintiff was to assume and promptly pay and obtain a release for the defendants from all their indebtedness to the Live Stock Land and Cattle Company, the Live Stock National Bank of Omaha, the Bank of Manville, of Manville, Wyoming, and the Economy Store, Manville, Wyoming, and to pay all the taxes described in the agreement for the year 1921. That the agreement was not to be binding until signed by George Hitshew, the father of Oliver, the plaintiff, and that such signature was not procured. That the deed was executed in reliance upon and pursuant to said agreement and that by reason of the premises the execution and delivery of said deed was procured by fraud. That the obligations to the Live Stock Land and Cattle Company and Live Stock National Bank, to be assumed by George and Oliver Hitshew were unsatisfied. That said debts had not been paid as agreed and therefore there was no consideration for the execution and delivery of the deed to the plaintiff. The prayer of said cross-petition was that said deed be declared null and void and cancelled and that defendants be declared the equitable and legal owners of the premises and entitled to absolute possession thereof.

There was a reply admitting that the deed from defendants to plaintiff was delivered in accordance with the contract attached to the answer and cross-petition and alleging that plaintiff had fulfilled all the conditions of said contract, but that defendants had failed to carry out their part in failing to transfer by bill of sale the chattels mentioned in the contract and failing to give possession of the land.

It appears that upon the trial an offer was made by plaintiff to introduce and surrender all of the notes that he had agreed to pay as a condition or consideration for the transfer of the lands, and the defendants, by their attorney, agreed that if that was done judgment would be assented to for the delivery of possession within a reasonable time to be indicated or fixed by the court. And it seems that thereupon the several items of indebtedness so referred to in the contract for the conveyance of the property to be paid by the plaintiff were surrendered, and they appear to be in the record on appeal.

But it is maintained by the appellants that there was no right whatever to the possession of the property until the surrender of those obligations upon the trial and that the plaintiff was, therefore, not entitled to any finding or judgment fixing or determining the right of possession prior to the date of the judgment in the case.

It also appears that in surrendering said obligations counsel for plaintiff insisted that they were not surrendering any right or would not consent to being precluded from filing another action for violation of the contract by the defendants. And it seems from the argument upon this motion that there may exist a controversy between the parties respecting the use of the land during the interim between the execution of the contract and deed and the date of the judgment in this action.

While a party may not have a right to appeal from a mere finding, it may be possible that the defendants in this action have a right to object to the judgment in its present form, in failing to provide and settle the equities of the parties as declared by the pleadings. Whether that may be so or not we do not care to determine upon this motion to dismiss, but think the motion should be overruled and whatever the rights of the parties either to complain of or to rely upon the judgment in its present form, the matter should be left for determination upon a

hearing of the cause upon its merits. The motion to dismiss will therefore be denied, and the parties will be allowed the regular time prescribed by the rules for filing briefs, to be computed from the date of the order entered hereon.

*Motion to Dismiss Denied.*

BLUME and KIMBALL, JJ., concur.