### ENOS et al. v. KEATING*
(No. 1409; April 18, 1927; 255 P. 1.)

APPEAL AND ERROR—FINAL ORDER—MOTION TO DISMISS INVOLVING MERITS WILL BE DENIED—PRACTICE—MERITS OF CAUSE NOT TO BE DECIDED ON MOTION TO DISMISS.

1. Order dismissing action with prejudice after conclusion of argument requested by court on legal questions involved in rights sought by plaintiff's attorneys to strike plaintiff's motion to dismiss or require action to be prosecuted notwithstanding said motion was a "final order," as regards right of appeal.

2. Where motion to dismiss appeal, from order dismissing plaintiff's action, on grounds that appellants, plaintiff's attorneys, were without authority to represent plaintiff below or to prosecute appeal in his behalf; that appellants were without authority to prosecute appeal without employment by plaintiff; and that appellants had no interest in controversy which they could protect by appeal, could not be determined without considering questions presented by appeal, motion will be denied.

3. On appeal from final order dismissing plaintiff's action with prejudice after argument requested by court on legal questions involved in rights sought by plaintiff's attorneys to strike plaintiff's motion to dismiss or to require action to be prosecuted notwithstanding said motion, entire merits of cause, as presented to court, were before Supreme Court.

4. Court will not assume, ordinarily, to decide merits of a cause on motion to dismiss an appeal or proceeding in error.

*See Headnotes: (1) 3 CJ p. 452 n. 12. (2) 4 CJ p. 602 n. 33; p. 603 n. 35. (3) 4 CJ p. 667 n. 44, 45. (4) 4 CJ p. 602 n. 33.

Action by James Enos against Henry Keating, in which A. C. Allen and O. N. Gibson were attorneys for plaintiff. From an order overruling the plaintiff's attorneys' motion to strike plaintiff's motion to dismiss the case, and ordering that plaintiff's cause be dismissed with prejudice, the attorneys and plaintiff appeal. On motion to dismiss appeal.

*A. C. Allen* and *O. N. Gibson,* for appellants.

Plaintiffs were employed to conduct litigation to recover certain lands; their employment was by contract in writing; on the trial date, defendant's counsel moved for dismissal with prejudice; the motion filed by respondent for a dismissal of the appeal involves an examination of the entire record on appeal, and a determination upon the merits of every question to be presented and considered; the motion to dismiss should be denied.

*M. C. Burk,* for respondent.

Plaintiffs drew their own contract and were bound by it; the assignment was unlawful; 5 C. J. 892; Whitney v. Kelley, 29 P. 624. The cause of action does survive; Blake v. Griswolg, 11 N. E. 137. Where a right of action is not assignable, it is not possible to assign to an attorney any right in a future judgment; 6 C. J. 742. Without an express agreement, an agreement for contingent fees will

not operate as an assignment; Starns v. Wellenberg, 92 P. 1079. Counsel mistake their remedy by their claim of an equitable lien; 6 C. J. 766. The appeal should be dismissed and counsel appealing should be assessed a penalty for fees and expenses for defendant.

POTTER, Justice.

This cause has been submitted upon a motion to dismiss the appeal. The motion must be denied on the ground, if no other, that a consideration of the cause upon its merits would be involved in a determination of the motion. A brief summary of the procedure in the cause will, we think, demonstrate this.

The action was brought by James Enos against Henry Keating to obtain a judgment cancelling a deed to real property alleged to be of the value of $10,000 and to have been transferred by the conveyance in question through false and fraudulent representations of the defendant for the sum of $200 in cash and a certain automobile represented to be of great value, but which was old, of ancient design, and worthless. It may be said in passing that it is shown by the pleadings that the plaintiff is an Indian and claims that the alleged fraud practiced upon him occurred through the connivance of a brother-in-law acting in collusion with the defendant. There was an amended petition filed by leave of court alleging a conspiracy between the plaintiff's said brother-in-law and the defendant. The amended petition further alleges that the plaintiff was under the age of 21 at the time of the execution of the deed. The answer to the amended petition denies each and every allegation therein contained except such as are specifically admitted, and admits the purchase of the land from the plaintiff but denies that the latter was under the age of 21 when executing the deed, and also denies that defendant made any false or fraudulent representations to the plaintiff. There is a paragraph of the answer alleging that plaintiff is

estopped to claim that he was under the age of 21 because having stated to defendant that he was over that age and having made an affidavit to that effect at the time patent was issued to him for the land by the United States Government.

The petition was filed on November 9, 1925, the amended petition on January 18, 1926, and a copy of the answer thereto appears to have been received by plaintiff's counsel on February 22, 1926, but the original in the record on appeal contains no endorsement of the date of its filing, so far as we can ascertain. On January 14, 1926, a notice was served by the attorneys for the plaintiff upon the defendant to the effect that said attorneys have a lien upon the property described in the petition and the proceeds of any judgment thereon to secure the amount due them under their employment contract to plaintiff "which provides that they shall receive as compensation for their services one-half of the property and judgment recovered in the action." On April 28, 1926, an application or motion for an order dismissing the action was filed, appearing to have been signed by the plaintiff personally; it being stated in the application (1) that the plaintiff no longer desires to prosecute the action, but that the same be dismissed "with prejudice." (2) That plaintiff desires to affirm and ratify the sale of the real estate made by plaintiff to defendant and to waive any and all objections that might be made thereto. (3) That attorneys who filed the suit and have appeared therein for plaintiff are no longer representing him. Thereupon, on May 8, 1926, a motion was filed by the attorneys for plaintiff, together with a notice, for a hearing thereon on May 10, 1926, which said motion alleges the contract of said attorneys with plaintiff above referred to with reference to their compensation for services, the fact of having served upon the defendant a notice of their lien upon the property, and the proceeds of any judgment for any amount that might be due them under their said

contract with plaintiff, that plaintiff has no substantial assets or property except said cause of action, and further, that some time prior to March 23, 1926, the defendant and his counsel wrongfully and fraudulently conspired together with certain stated persons and others to induce the plaintiff to dismiss the action, with the intent to deprive plaintiff of the fruits thereof, and to deprive the movants of their compensation provided for in such contract; that pursuant to that conspiracy and by promises, persuasions and threats they had fraudulently induced the plaintiff to sign the motion for dismissal; that promptly upon the signing of said motion the plaintiff had delivered the same to defendant's counsel with the understanding that its existence should be concealed from counsel for plaintiff so long as possible, whereby plaintiff's counsel were not advised of said motion until the day upon which the cause was set for hearing, at which time plaintiff's counsel were ready for trial, viz: on April 28, 1926; that on April 27, plaintiff had advised movants of his having been induced to sign and deliver the instrument aforesaid, the exact nature of which he did not understand, and assured them that he desired to proceed with the prosecution of the cause. Thereupon, it was prayed that the court set a time and place for the hearing of the motion and the oral and documentary evidence to be introduced in support thereof; that upon such hearing an order be entered striking the motion to dismiss from the files and re-setting the cause for hearing; or that movants (plaintiff's counsel) be permitted, notwithstanding said motion, to proceed with the cause for the purpose of having the issues therein determined, and fixing and enforcing their lien for compensation; or that they be made co-plaintiffs, with leave to file a petition restating the cause of action and their interests therein, as set forth in their said motion.

It appears by the transcript of the journal entries that the cause had been set for trial on April 28, the date

above stated; and that on May 20, 1926, the order was made from which the appeal here is taken. That order recites the fact of the presence in court of A. C. Allen and O. N. Gibson, who were the attorneys for plaintiff, and who filed the motion aforesaid, and that they presented their said motion. The order recites also that the defendant was present, but that the plaintiff, though notified of the time and place of the presentation of the motion "comes not." The order then recites further:

"Thereupon the court announces that before proceeding to fix a time and place for hearing upon the issues of fact raised by the said motion, he desires to hear counsel in argument upon the question as to whether or not the allegations of the motion are sufficient, if true, to entitle movants to any relief prayed for therein. That question having accordingly been fully argued by counsel, and the court being fully advised in the premises, the allegations of the motion are by the court considered insufficient in law, if true, to entitle movants to any of the relief prayed for therein. The motion is by the court overruled," to which action the "movants then and there object and save their exceptions. Thereupon, at the request of the defendant, the motion to dismiss heretofore filed by the plaintiff herein was by the court taken up, considered and sustained." And it was ordered that the cause be dismissed "with prejudice" and that the costs be taxed against the plaintiff; and that said attorneys for plaintiff, as such and as movants, and on plaintiff's behalf, jointly and severally objected at the time "and saved their exceptions."

Following that, it appears by the record that within the period allowed by law for an appeal, a notice of appeal was duly filed and served, signed by the said attorneys for plaintiff, and reciting: "That the plaintiff, James Enos, and the movants, (naming them) each on his own behalf, jointly and severally intend to and do hereby appeal * * * * from the final order and judgment made and entered * * * * on the 20th day of May,

1926, whereby the motion to strike the application for dismissal and for other relief was denied, and the cause was dismissed with prejudice."

It thus appears that the order disposing of the action by dismissing it "with prejudice" was made and entered at the conclusion of an argument requested by the court upon the legal questions involved in the rights sought by plaintiff's attorneys to strike the motion to dismiss or to require the action to be prosecuted notwithstanding said motion and that the court having decided against such right as a matter of law, without further hearing or trial, ordered the cause to be dismissed upon the motion of plaintiff aforesaid, and the costs taxed against the plaintiff. That was a final order, evidently intended to finally dispose of the action upon its merits. And, clearly, that was its effect. The appeal brings it and the whole proceeding disposed of by it before this court. The regularity of the proceeding taking and perfecting the appeal is not questioned. But the stated grounds of the motion to dismiss the appeal are: 1. That movants and appellants are without authority to represent the plaintiff below, Enos, or to prosecute the appeal in his behalf. 2. That said appellants are without authority to prosecute the appeal without employment by plaintiff. 3. That appellants have no interest in the controversy which they can protect by appeal.

The appeal, however, is directly from an order deciding against the right claimed by the attorneys for plaintiff below, appellants here, to prosecute the action to a decision upon its merits because of their alleged right to a lien for their compensation for services in the case under their contract of employment with the plaintiff. And it is clear that the motion to dismiss the appeal upon the grounds aforesaid could not be determined without considering the very questions presented by the appeal from said final order of the district court, which would necessarily result in a decision upon the merits of the con-

troversy presented in the lower court. And a considera-
tion would also be required of the right of the appellants,
as attorneys for the plaintiff below, to-insist, under their
motion, upon striking the motion filed by the plaintiff
in the court below to dismiss the action. In other words,
the entire merits of the cause as it was presented to the
district court for final disposition and judgment, that
court having declined to take evidence, and having deter-
mined upon the disposition of the cause as a matter of
law, are necessarily before this court upon the appeal
from said final order. And to determine even the right
of the appellants to take the appeal would require a
consideration of the entire merits of the cause upon and
under the plaintiff's alleged motion to dismiss and the
motion of the appellants to strike said motion to dismiss
and for the other relief therein mentioned. And as held
heretofore in other cases, the court will not assume ordi-
narily to decide the merits of a cause upon a motion to
dismiss an appeal or proceeding in error. Hitshew v.
Dern, (Wyo.) 247 Pac. 305.

*The motion to dismiss will be denied.*

BLUME, Ch. J., and KIMBALL, J., concur.