# PADLOCK RANCH, INC. v. SMITH, ET AL.■
### (No. 1449; May 22, 1928; 267 Pac. 512)

*F. B. Sheldon, Jr.,* for appellants.

394

*E. E. Enterline* and *C. W. Axtell,* for respondents.

BLUME, Chief Justice.

This is an action in replevin, brought on August 22, 1925, the plaintiff alleging that it is the owner of and entitled to the immediate possession of the property. The defendants claim the property in suit under a distraint for delinquent taxes. The court rendered judgment for the plaintiff, from which the defendants have appealed.

In the year 1922, an assessment for taxes was made against one W. D. McKeon for several thousand head of sheep, the taxes levied thereon in accordance with the law amounting to $881.39. These taxes were not paid. McKeon was in fact the manager of the Lost Cabin Sheep Company, and upon the theory, apparently, that the sheep so assessed and taxed were not in fact the sheep of McKeon, but the property of the Sheep Company, an order was entered by the Board of Commissioners, but not till December, 1924, to the effect that the records be corrected, so that the assessment should appear as against the Lost Cabin Sheep Company. A line was, accordingly, drawn through the name W. D. McKeon, and the name "Lost Cabin Sheep Company" written above it. In November, 1922, the respondent bought some sheep from that company, the number of which does not appear. After the above mentioned correction in the assessment had been made, and about the month of August, 1925, the treasurer

of Fremont County in conjunction with the treasurer of Hot Springs County seized, under a delinquent-tax warrant, about 250 sheep, in controversy in this case, from among two bands of sheep, upon the theory that these were part of the sheep assessed for taxes above mentioned. One of the bands was at the time located in Fremont County, the other in Hot Springs County, but the treasurer of Fremont County drove the band located in that county over into Hot Springs County, and the distraint for taxes was actually made in the latter county. There is some question as to the regularity in reference to the distraint, but it is unnecessary to consider the contentions in regard thereto. The defendants, treasurers respectively of Fremont and Hot Springs Counties, knew nothing of the identity of the sheep personally, but they testified that one Coyne, vice-president of the respondent, stated to them at the time of the distraint of the sheep that some of the sheep bought by respondent from the Lost Cabin Sheep Company "might" be in the two bands and that this might be determined by examining the slits in the ear and by "mouthing" the sheep, which was done. Only sheep six years old were seized, being identified in the manner stated. W. D. McKeon, above named, and who seems to have been manager of the Lost Cabin Sheep Company during 1922, apparently was present, assisting appellants, but, strangely enough, there is no testimony in the record that he was called upon to identify, or that he did, identify the sheep, when he, it would seem, was in better position to do so than anyone else. The testimony on behalf of the respondent showed, among other things, that Coyne knew nothing about sheep and that he had no authority whatsoever to bind the respondent by any declaration which he may have made. The testimony further tended to show that it is impossible to identify sheep by a slit in the ears several years after such marks have been made, as was true with the sheep in question.

The assessment in this case not having been made against the Padlock Ranch Company, it was not responsible for the tax in question, and its property could not be seized therefor, unless there was a lien for the taxes upon the sheep distrained, pursuant to Section 2842, Comp. Stat. 1920, which provides, among other things:

"All taxes levied upon personal property of any kind whatsoever shall be and remain a perpetual lien upon the property so levied upon until the whole of such tax is paid."

The sheep in question, as stated before, were bought from the Lost Cabin Sheep Company. The assessment in question was made against and stood in the name of W. D. McKeon until December, 1924. But assuming for the purpose of this case that the tax in question may, notwithstanding these facts, be said to have been levied in 1922 upon the sheep of the Lost Cabin Sheep Company— a point at least doubtful and which we do not decide— it must appear that the sheep distrained, or at least part of them, were in fact the property against which the assessment was made. Counsel for appellant, however, contend that when the assessment and the fact of the sale of some of the sheep of the Lost Cabin Sheep Company was shown, it devolved upon respondent to prove that its sheep seized herein were not sheep subject to the lien in question. They cite an isolated statement from Farm & Cattle Loan Co. v. Faulkner, 34 Wyo. 199, 242 Pac. 415, as follows:

"If it should be shown that the same class of property seized by the collector was in fact in sufficient amount or number lawfully assessed in 1921, then the respondents herein should be held to have overcome the *prima facie* case made by the appellants, and, if nothing more, the burden to produce further evidence should then shift back to appellant."

This statement was made in connection with the discussion of the doctrine of confusion of goods, and in a case in which the evidence in fact showed such confusion. It is doubtful whether the statement was meant to be applied in the absence of such evidence, for it was said further on in the case:

"In order, of course, that the doctrine of confusion of goods, even in so far as the shifting of the burden of evidence is concerned, may have any application, there must be an actual confusion."

In any event, in the Faulkner case the property seized was in fact owned by Townsend, against whom the assessment had been made in 1921, the Loan Company claiming under a lien. The case at bar presents a different situation. The property seized was the property of a third person, not in any way connected with the assessment, and not liable for the taxes. Its property was subject to be seized for the tax, if at all, only pursuant to the tax lien claimed by appellants. If it had no property subject to that lien, none of it could be seized to satisfy it. Hence it was absolutely essential that it should appear that the property seized was subject to the lien, or that part of it at least was subject thereto, and that such part was intermingled with other sheep so as to call the doctrine of confusion of goods into operation. Whether or not it might be presumed that respondent in 1925 still had some of the sheep which it bought as above mentioned in 1922 need not be decided. In any event no presumption could arise that any of these sheep so bought were among the two bands of sheep mentioned in the testimony, at least in the absence of testimony that these two bands were the only bands of sheep owned by the respondent, and that is not shown. Hence the burden rested upon the appellants in this case to show that at least part of the sheep bought by respondent were among the two bands mentioned.

The evidence on that point was, to say the least, conflicting, and there is ample testimony in the case to sustain the finding of the trial court.

It is assigned as error that the court permitted the plaintiff to show that it was impossible to identify the sheep in question by slits in the ears. We can see no merit in that contention. The court also sustained objections to a question asked a witness, whether the property assessed as above mentioned belonged to McKeon or to the Lost Cabin Sheep Company, and to a question why the assessment schedule above mentioned was changed. These rulings are assigned as error. We need not determine as to whether or not the questions were proper. It does not appear what the testimony of the witnesses would have been had the questions been permitted to be answered. We cannot accordingly tell as to whether or not the error, if error it was, was prejudicial. Casper Motor Co. v. Marquis, 31 Wyo. 115, 223 Pac. 764.

The judgment herein is accordingly affirmed.

KIMBALL and RINER, JJ., concur.