## CADOMA SHEEP CO. v. DOUGHAARD
(No. 1637; May 6, 1930; 287 Pac. 436)

For the defendants in error in support of the motions, there was a brief by *Hagens & Murane*, of Casper, Wyoming.

For the plaintiff in error, there was a brief by *S. S. Combs*, of Casper, Wyoming.

For the plaintiff in error there was also a brief by *Ingle & Ferguson,* of Thermopolis.

RINER, Justice.

This cause was brought here by proceedings in error and is before us for consideration on two motions made by defendants in error, one of them being a motion to strike the bill of exceptions in the case from the files of this court, and the other to dismiss the "plaintiff in error's appeal."

The grounds of the motion to strike are, briefly, that the bill of exceptions was not settled, allowed or certified, as required by Chapter 364, Compiled Statutes of Wyoming 1920; and (2) that it appears on the face of said bill of exceptions and from the certificate of the trial judge thereto that the bill does not contain all of the evidence offered and received at the trial of the cause in the District Court.

Our attention is not directed by the briefs of the parties on the motion to any other defect in the bill of exceptions than the one referred to in the second ground of that motion above abstracted. We shall, accordingly, assume, for the purpose of disposing of the matter, that this ground is all counsel care to urge.

An inspection of the final certificate of the trial judge to the bill of exceptions, as well as of the bill itself, establishes that it is true that not all the evidence offered and received on the trial was incorporated in the bill—some four exhibits for the plaintiff, consisting of written instruments and papers of various kinds, and some six exhibits

for the defendant, embracing a number of checks of different dates and amounts, being missing. The certificate recites only that the omission was made because they were "misplaced."

This court has several times declared that "the fact that the bill does not purport to contain all of the evidence is not a reason for striking it from the files or dismissing the case." State v. Snearly, 18 Wyo. 341, 107 Pac. 389, 391; Rollins, et al. v. Duncombe, 24 Wyo. 341, 157 Pac. 896, 897. But in the Snearly case that statement was pointedly qualified by the words "if it contains exceptions that can properly be considered without all the evidence," and that qualification was practically applied in Rollins, et al. v. Duncombe, supra, where this court declined to consider certain exceptions because all of the evidence was not in the bill.

The only error alleged in the petition in error is the overruling of plaintiff's motion for a new trial, and necessarily we are thereby referred to the grounds of that motion, to discover the assigned errors relative to this record.

The motion to dismiss the cause in substance presents the following grounds: 1. That there is no bill of exceptions containing the evidence offered and received at the trial of the case and the evidence not having been properly carried into the record, there is no question presented for the determination of this court. 2. That the only assignments of error are, (a) sustaining exceptions to certain questions propounded to one of the plaintiff's witnesses—these being the first four grounds of the motion for a new trial—but that there is no showing as to what the witness' testimony would have been and no way by which this court could ascertain whether the rulings were prejudicial to the plaintiff in error; (b) the sustaining of defendant's motion for a directed verdict; and (c) that the verdict and judgment are contrary to law and the evidence—these last two assignments being the remaining grounds upon which a new trial was asked. 3. That a consideration of any of the assign-

ments of error requires a review of the entire evidence, which can only be had upon a proper bill of exceptions.

In Rollins, et al. v. Duncombe, supra, this court said, concerning a certificate to a bill of exceptions disclosing that only a small portion of the evidence in the case was contained therein:

"The certificate of the judge is necessary to give life and verity to the bill, and where any question is presented to this court which calls for the consideration of the evidence then all of the evidence bearing on the question must be so presented and so certified to entitle it to consideration."

Discussing the consequences of a failure to include all of the evidence in a bill of exceptions, it was further said in the opinion in that case:

"It is attempted to predicate error upon the admission and rejection of evidence over defendants' objections and exceptions. We cannot infer that all of the evidence given at the time of the trial is of any value upon review in this court unless properly certified by the presiding judge. Here the objection is to the relevancy and competency of evidence offered by the plaintiff. It is apparent that such evidence when considered in connection with all the other evidence even if not relevant or competent, might not be prejudicial either because cumulative or for other reasons, a question which cannot be here considered in the absence of all the evidence."

Again, in Iowa State Savings Bank v. Henry, et al., 22 Wyo. 189, 136 Pac. 863, 864, concerning the same subject, the following language was used:

"The first and second grounds of the motion, to-wit: that the evidence is insufficient to support the verdict and that the verdict is contrary to law, can only be considered upon all the evidence given upon the trial and which evidence should be incorporated in the bill of exceptions. (Section 4598, Comp. Stat. 1910). Such has been the uniform holding of this court. The certificate of the trial judge to the

bill in this case recites that it 'contains all of the *material* evidence offered, given and introduced in said cause,' and it does not appear anywhere in the bill by recital or otherwise that it contains all the evidence given under the trial. It was incumbent upon the plaintiff in error to make an affirmative showing of prejudicial error in order to entitle it to a reversal of the judgment. The presumption of the regularity of the proceedings in the trial court is indulged until the contrary is shown. It is apparent that to entitle one to a review upon an assignment of insufficiency of the evidence to support the verdict it is essential that all the evidence be incorporated in the bill."

It is quite evident that the only assigned errors which we are now asked to consider necessarily require a consideration of the evidence offered and received in the cause. Under the previous decisions of this court cited above, that cannot be done, unless all of the evidence appears to have been incorporated in the bill of exceptions.

The rule announced in Richardson v. State, 15 Wyo. 465, 89 Pac. 1027, 12 Ann. Cas. 1048, that where an appellant is unable to furnish a necessary record for review of the judgment complained of because of its loss or destruction without fault on his part, it is proper to grant a new trial, is invoked by plaintiff in error here. That case was one where the appealing party had been convicted of murder in the first degree and sentenced to death, and there was clearly established and detailed proof that he had lost the benefit of his exceptions at the trial of his case from causes beyond his control and for which he was in no way responsible. But it is not pointed out nor do we see, how the Richardson case can be regarded as a governing precedent upon this record. The missing evidence in the case at bar is, as already indicated, merely recited in the judge's certificate, to have been "misplaced." How that condition of affairs arose does not appear.

Our attention is also directed by plaintiff in error to the case of Fried v. Guiberson, 30 Wyo. 150, 217 Pac. 1087. There the bill of exceptions, while not giving exactly some

of the testimony in the case which had been taken through depositions, nevertheless stated such testimony in narrative form and was accepted and certified by the court as containing all of the evidence. As we have seen, it here appears affirmatively by the judge's certificate that certain evidence is missing. While it is true that the substance of some of the absent exhibits is undertaken to be given in the bill of exceptions in the form of notes made by the court reporter, concerning the contents of a number of others, we are left wholly to conjecture and surmise. Conjecture and surmise, also, are the only means afforded us of determining their legal effect as regards the other evidence in the case and the alleged errors. It does not appear that any effort was made to supply copies or the substance of the originals to the trial judge in order to satisfy him that the bill as presented embodied all of the evidence. That course of procedure was followed in the case last above cited.

In view of the decisions of this court in Padlock Ranch, Inc. v. Smith, 38 Wyo. 393, 267 Pac. 512, and Casper Motor Co. v. Marquis, 31 Wyo. 115, 223 Pac. 764, as well as the extremely indefinite character of the statements of the first four grounds for a new trial, the overruling of which has been assigned as error, it is doubtful whether those matters would be of aid to plaintiff in error, even if it were possible for us to consider them on the merits. It is plain, also, as this record now stands, we could not—under repeated decisions of this court—consider the remaining two grounds for a new trial assigned as error, viz., the directing a verdict for defendant and that the verdict and judgment were contrary to the law and the evidence.

While for a number of reasons we are ordinarily reluctant to dispose of a case upon a motion to dismiss without a consideration of the merits and while we reiterate that "the court will not assume ordinarily to decide the merits of a cause upon a motion to dismiss an appeal or proceedings in error," (Enos, et al. v. Keating, 36 Wyo. 318, 255 Pac.

1, 3; Hiteshew v. Dern, 35 Wyo. 183, 247 Pac. 305), our conclusion is here, that the motion to strike the bill of exceptions, as well as the motion to dismiss the proceedings in error, should be sustained.

*Sustained.*

BLUME, C. J., and KIMBALL, J., concur.