**John L. COTTON, Appellant (Plaintiff below),**

v.

**Robert Jerry HAND, Appellee (Defendant below).**

No. 4760.

Supreme Court of Wyoming.

April 20, 1977.

John L. Cotton, pro se.

Richard H. Peek, Casper, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

### ORDER

GUTHRIE, Chief Justice.

Appellee Robert Jerry Hand having filed a motion to dismiss appeal based upon the failure of appellant Cotton to serve a true and correct copy of his notice of appeal on appellee as required by Rule 73(a), W.R. C.P., and the court having reviewed not only said motion and the affidavit in support thereof but the entire file, including the brief filed by appellant, and it appearing that appellant did not serve a notice of appeal as required by Rule 73(a), supra; and an examination of the brief tendered by appellant reveals a failure to comply with Rule 12(b)(4), Rules of the Supreme Court, by his failure to make any reference to any record pages upon which he alleges there appears evidence which would create a conflict of material fact; nor can we say that we find a succinct statement of the

argument upon which appellant relies for reversal, *Texas Gulf Sulphur Company v. Robles,* Wyo., 511 P.2d 963, 967; and although the merits of an appeal are not usually to be considered on a motion to dismiss, *Enos v. Keating,* 36 Wyo. 318, 255 P. 1; *Security First National Bank of Los Angeles v. King,* 45 Wyo. 93, 15 P.2d 1112, it is clear from even the most cursory reading of the facts herein that there is a total lack of legal basis for appellant's appeal. Municipal judges, such as appellee Hand, as with all other judges, are clothed in the mantle of judicial immunity, and cannot be found liable for any action taken while acting, as here, in a judicial capacity, *Linde v. Bentley,* Wyo., 482 P.2d 121; *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288; *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128. Even if Rule 73(a), W.R.C.P., had been complied with, we would have no choice but to affirm the trial court's granting of summary judgment.

The court further finds there is no reasonable cause for this appeal and that there should be taxed as part of the costs in the case a reasonable fee in the sum of $50 to the counsel of appellee, along with any and all other costs, Rule 72(k), W.R.C.P.; *Keller v. Anderson,* Wyo., 554 P.2d 1253.

IT IS THEREFORE ORDERED that appellee's motion for dismissal of the appeal be and the same is granted and that the appeal be dismissed.

IT IS FURTHER ORDERED that the clerk of said court shall tax the sum of $50 as a fee for appellee's counsel and all other proper costs as provided by law.